MORRIS G. LARAMIE & SON, INC., v. SOUTHFIELD TOWN-SHIP BUILDING INSPECTOR.

1. TOWNSHIPS—ZONING ORDINANCE—REASONABLENESS.
    A township zoning ordinance must be reasonable, and its reasonableness becomes the test of its legality.

2. SAME—ZONING ORDINANCE—EXTENSION OF NONCONFORMING USES.
    Where plaintiff's property was located partly in residential and commercial zones and between property used by company engaged in construction business and for storage of construction materials on one side and riding club on the other side and other near-by property was vacant, and since zoning ordinance was adopted construction company had extended its nonconforming uses with permission of the building inspector, the restrictions of the ordinance were undermined as applied to the immediate locality (Southfield Township Zoning Ordinance No 118).

3. SAME — ZONING ORDINANCE — NONCONFORMING USE — VALUES — COMMERCIAL ZONES.
    Where plaintiff's property, located partly in residential and commercial zones of township, was situated between riding club and property used by company engaged in construction business and for storage of construction materials which latter noncon-

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning, § 21.
[2, 3] 58 Am Jur, Zoning, § 155 et seq.
[2, 3] Zoning: Changes, after adoption of zoning regulations, in respect of nonconforming existing use. 147 ALR 167.

forming uses had their inception following adoption of the zoning ordinance, plaintiff was entitled to use its property for storage of heavy earth-moving equipment and tractors and trailers for moving such equipment.

Appeal from Oakland; Holland (H. Russel), J. Submitted October 11, 1949.   (Calendar No. 44,217.) Decided December 8, 1949.

Mandamus by Morris G. Laramie & Son, Inc., a Michigan corporation, against Frank Gidley, Southfield Township Building Inspector, and another to compel issuance of building permit.   Writ granted. Defendant appeals in nature of certiorari. Affirmed.

*Harry N. Dell,* for plaintiff.

*Morrow & Kull,* for defendants.

Reid, J.   Plaintiff brought an action of mandamus for the purpose of compelling the defendant Frank Gidley, building inspector for the township of Southfield (Oakland county), and the defendant township of Southfield, to issue a building permit under zoning ordinance No 118 of said township, authorizing the plaintiff to construct a building upon, and to use for the purposes of its business, certain property that plaintiff owned in Southfield township.   The trial court ordered that the writ issue, from which order defendants took an appeal in the nature of certiorari.

Among other things, the said ordinance as applied to the property in question set forth permitted uses, among which the following uses come the nearest to permitting the use intended by plaintiff to be made of the property in question:

"And the repair, conversion, alteration, finishing, assembling, fabrication or storage of goods, pri-

marily for the residents of the locality or for sale at retail on the premises; provided there is not in connection therewith the operation of any machinery or the conduct of any process or activity or the storage or display of goods in such manner as to be obnoxious or offensive by reason of the emission of odor, fumes, dust, smoke, waste, or vibration. No commercial activity employing more than five mechanics or workers on the repair, conversion, alteration, finishing, assembling or fabrication of goods shall be begun or enlarged except with the approval of the board of appeals."

Plaintiff is in the business of renting heavy earth-moving equipment, including three-quarter yard pull shovels and hoe shovels, to general contractors. Its place of business is located in the city of Detroit. Plaintiff owns several large shovels weighing from 18 to 21 tons and 10 trucks weighing $2\frac{1}{2}$ to 5 tons and trailers used for the purpose of hauling shovels to its various customers. Some of the tractors and trailers have an overall length of 50 feet and when loaded with one of the shovels, weigh approximately 28 tons. The equipment when not in use is stored upon the premises of the plaintiff and when rented out is hauled from the premises by one of the tractors and trailers to the location where the same is put to work. The shovels are not hauled back to the plaintiff's place of business after each job; if there is other work for the shovel, it is taken directly from one job to another. However, the tractors and trailers are brought to the company's place of business each night and parked upon its premises.

The property owned by the plaintiff and which it desires to use for the purposes of its business is on the north side of Eight-Mile road between Northwestern highway and Southfield road, and has a frontage on Eight-Mile road of 300 feet and a depth of 500 feet. The south 200 feet of the property lies

in a commercial zone and the north 300 feet in a residential zone. It is the intention of the plaintiff to move its principal place of business to its foregoing described property in Southfield township and there to conduct its business on the same basis that it has been doing in the city of Detroit.

Plaintiff made application to the defendant Gidley, building inspector for the township, which application was denied on the ground that the type of business to be carried on by the plaintiff and the proposed buildings are not permitted in commercial zones, as commercial zones are defined in the Southfield township zoning ordinance.

The McManus Company is engaged in construction business carried on on property adjacent on the east to that of plaintiff. On July 23, 1946, the McManus Company was granted a permit by the defendant township to build a quonset hut 40 x 100 feet upon its property. On March 29, 1947, a second permit was granted to the McManus Company by the township for the construction of a stone and block commercial office building, and on April 12, 1948, a third permit was granted by the township to the McManus Company for an addition to their commercial office building. The McManus property has been used for the storing of tile and pipe and such miscellaneous equipment. The quonset hut has been used for the storage of oil drums, rope and the like, and office space.

The property lying east of the McManus property is located at the northwest corner of Northwestern highway and Eight-Mile road, is vacant, and has been used for the storing of sewer crock. Immediately west of plaintiff's property is the property of the Magnolia Riding Club, on which premises are located an old farmhouse and barn. From the Magnolia Riding Club west to Southfield road is open or vacant land. The land to the north of plaintiff's

property is vacant for a distance of a quarter of a mile.

Plaintiff claims that it is entitled to use its property as proposed for the reason that the zoning ordinance in attempting to zone what amounts to virtually open country, is unreasonable and bears no relation to the public health, safety and general welfare and secondly, that the ordinance as to plaintiff is unconstitutional as an unreasonable exercise of police power for the reason that as to plaintiff its terms have been unequally and discriminatorily applied.

The trial court found that plaintiff had established both these grounds and held the ordinance unconstitutional as to plaintiff and directed a writ of mandamus to issue.

In *Faucher* v. *Grosse Ile Township Building Inspector,* 321 Mich 193, 199, we quoted the following from *Frischkorn Construction Co.* v. *Redford Township Building Inspector,* 315 Mich 556, 563:

"A zoning ordinance must be reasonable, and its reasonableness becomes the test of its legality."

In this case, the permitted nonconforming use on the McManus property for so great a period of time, which permitted use had its inception after the enactment of the ordinance in question, undermines the restrictions of the ordinance as applied to the immediate locality.

The trial court, after consideration of the testimony in the case, concluded that "plaintiff, for all intents and purposes, seeks to make the same use of its property as is made of the McManus property." We agree with such finding. We are satisfied that the action of the township, through its officer, is discriminatory. The judgment of the trial court granted a writ of mandamus to require the building inspector to issue the building permit sought by plain-

tiff. The judgment appealed from is affirmed. Costs to plaintiff.

Sharpe, C. J., and Bushnell, Boyles, North, Dethmers, Butzel, and Carr, JJ., concurred.