CITY OF DETROIT *v.* S. LOEWENSTEIN & SON.

1. APPEAL AND ERROR—EQUITY—MANDAMUS—CONSOLIDATED OPINION —SEPARATE REMAND.

Appeal in city's suit to enjoin erection and operation of a slaughterhouse and rendering plant in heavy industrial district and mandamus proceeding to compel issuance of building permit therefor by city are disposed of in one opinion, where both cases present the same facts and same questions of law, although separate remands are necessary.

2. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—SLAUGHTERHOUSE APPROVAL BY CITY PLAN COMMISSION—MINUTES.

The approval by city plan commission of property owner's petition for approval of location for slaughterhouse and rendering plant at described place as "being not injurious to the surrounding neighborhood and not contrary to the spirit and purpose of the city zoning ordinance," as shown by minutes of the commission that the request for special approval was approved and that the plant would not cause nuisances or be detrimental to the surrounding neighborhood, a heavy industrial district, was a sufficient compliance with pertinent portion of zoning ordinance requiring the commission to make a finding and show such action in its minutes pursuant to quoted portion of the ordinance which was also recited in the petition (Detroit City Zoning Ordinance, § 17.1[3]).

3. CONSTITUTIONAL LAW—LEGISLATIVE POWER—DELEGATION OF POWER—FINDING OF FACTS BY ADMINISTRATIVE BODY.

A legislative body may not delegate legislative power but it may confer authority for the finding of facts upon administrative officers, boards or commissions.

REFERENCES FOR POINTS IN HEADNOTES

[2] 48 Am Jur, Slaughterhouses, §§ 2, 5; 58 Am Jur, Zoning, § 110.
[2] Slaughterhouse as nuisance.  27 ALR 329.
[3] 11 Am Jur, Constitutional Law, §§ 214, 235.
[4] 58 Am Jur, Zoning, § 231.

4. Municipal Corporations—Zoning Ordinance—City Plan Commission—Discretion—Finding of Facts.

   The decision of the city plan commission under city zoning ordi-. nance is final insofar as it involves discretionary action or a finding of facts (Detroit City Zoning Ordinance, § 17.1[3]).

Appeal from Wayne; Brennan (Vincent M.), J. Submitted April 6, 1951. (Docket No. 46, Calendar No. 45,068.) Decided May 14, 1951.

Bill by City of Detroit against S. Loewenstein & Son, a Michigan corporation, for injunction restraining the erection and operation of a slaughterhouse. Defendant's motion to dismiss granted. Plaintiff appeals. Affirmed.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted April 6, 1951. (Calendar No. 45,093.) Decided May 14, 1951.

Mandamus by S. Loewenstein & Son, a Michigan corporation, against City of Detroit and others to compel issuance of building permit. Writ granted. City of Detroit appeals. Affirmed.

*Paul T. Dwyer,* Acting Corporation Counsel, *Arthur L. Barkey* and *John F. Hathaway,* Assistants Corporation Counsel, for City of Detroit.

*Friedman, Meyers & Keys (Herbert Sott,* of counsel), for S. Loewenstein & Son.

Boyles, J. On December 18, 1950, the city of Detroit filed a bill of complaint in the Wayne county circuit court in chancery to enjoin the defendant S. Loewenstein & Son from erecting and operating a slaughterhouse and rendering plant on certain property owned by said defendant near the intersection of Dix avenue and Vernor highway in Detroit. The

ground on which the city sought the injunction was that the city plan commission had not made the requisite finding of fact as required by section 17.1(3) of the zoning ordinance, namely, a finding that the proposed use would not be injurious to the surrounding neighborhood and not contrary to the spirit and purpose of said ordinance. On January 25, 1951, said suit was dismissed by the circuit judge, on the ground that the complaint did not state a cause of action. The city has appealed from the dismissal of its bill.

On January 26, 1951, Loewenstein filed a petition and obtained from the circuit court for Wayne county an order to show cause why a writ of mandamus should not issue commanding the city authorities to issue a building permit for the erection of said slaughterhouse and rendering plant on said property. On February 13, 1951, judgment was entered in that cause by the circuit judge, in favor of Loewenstein, granting the writ. The city, on leave granted, has appealed and that appeal is also now before this Court.

While the 2 cases differ in that the first is in chancery and the mandamus case is in the law side of the court, and while they have been submitted here on separate records and briefs, both cases present the same facts and the same questions of law, and may be disposed of in one opinion. However, remands must be made separately in each case.

The principal question presented here in both cases is whether the record of the city plan commission showing certain action taken by the city plan commission is a sufficient compliance with certain requirements of the city zoning ordinance. The city claims that the record maintained by the city plan commission must affirmatively show that the use of the property in question for a slaughterhouse or rendering plant will not be injurious to the surrounding

neighborhood and not contrary to the spirit and purpose of the ordinance. Loewenstein claims that the city plan commission actually did approve the use of said property for a slaughterhouse and rendering plant, as not being injurious to the surrounding neighborhood and not contrary to the spirit and purpose of the zoning ordinances; and that the record kept by the commission sufficiently shows the fact of such finding and approval.

Both cases were submitted to the trial court on stipulated facts. The city zoning ordinance permits the use of buildings on the property in question for animal slaughterhouses or other uses similar thereto, "subject to the approval of the commission* as being not injurious to the surrounding neighborhood and not contrary to the spirit and purpose of this ordinance."

On July 12, 1950, Loewenstein filed with the city plan commission an application for approval of the use of the property in question for the erection of an animal slaughterhouse and rendering plant. It described the property as a 10-acre tract of land on the north side of Vernor highway, extending from a viaduct carrying the rails of the Wabash, New York Central and Michigan Central, to the rear of the stockyard. In its application Loewenstein outlined the kind of building proposed, detailed the proposed method of operation, and specifically asked, "that the commission approve this petition for the location of a slaughterhouse and rendering plant at Vernor highway and Dix avenue as 'being not injurious to the surrounding neighborhood and not contrary to the spirit and purpose of the city zoning ordinance.' "

The plan commission held a public hearing on this application, at which many individuals were heard

---

* City plan commission.

for and against the application. The commission made specific findings and on July 27th entered the following in the minutes of the commission:

"A hearing was held to consider the request of Max Loewenstein for special approval to use property located on the north side of Vernor between Waterman and the M.C.R.R. for a slaughterhouse.

"Action. After considerable discussion Commissioner Knight moved that the request be approved. Carried. Commissioners Hannan and Fassett voted No."

On August 10, 1950, a building permit was granted Loewenstein by the city department of buildings and safety engineering, limited to installation of footings and foundations.

In its bill of complaint the city alleges:

"That the said city plan commission in passing upon defendant's said petition failed to make the mandatory and proper findings, as provided in said section 17.1(3), that defendant's proposed uses would not be injurious to the surrounding neighborhood and not contrary to the spirit and purpose of the said zoning ordinance."

Section 17.1(3) of the zoning ordinance provides:

"The following regulations shall apply in all MH districts: Sec. 17.1. Uses permitted—No buildings or structure, or part thereof, shall be erected, altered, or used, or premises used, in whole or in part, for other than one or more of the following specified uses:  *  *  *  3. The following uses, or other uses similar thereto, subject to the approval of the commission* as being not injurious to the surrounding neighborhood and not contrary to the spirit and purpose of this ordinance. Animal slaughterhouses."

The precise question now raised by the city is that the record of the city plan commission does not spell

---

* City plan commission.

out in precise language that the use of the property in question would not be injurious to the surrounding neighborhood and not contrary to the spirit and purpose of the ordinance. However, the ordinance does not require it. The plan commission did make such a finding, in substance, in granting Loewenstein's application. The minutes of the commission plainly show that the application of Loewenstein for "special approval" of its request for location of the slaughterhouse as "being not injurious to the surrounding neighborhood and not contrary to the spirit and purpose of the city zoning ordinance" was specifically granted. The commission records so indicate. Furthermore, at a meeting held October 12, 1950, some 2 months before the bill of complaint was filed in this chancery case, the city plan commission adopted a resolution approving a statement of policy in connection with applications for slaughterhouses within the city limits, specifically including the following express finding of fact:

"That the Loewenstein plant will not, in fact, cause nuisances or be detrimental to the surrounding neighborhood in the vicinity of the stockyards heavy industrial district where it will be located."

While it is not controlling, the record also shows that on July 31st the plan commission, in a letter sent to Loewenstein by the planning director, with a copy to city department of buildings and safety engineering, stated that the commission was of the opinion that the proposed building would not prove objectionable to the surrounding territory, and that the use of the premises would be consistent with the provisions of section 17.1(3) of the zoning ordinance.

We are in accord with the conclusion of the circuit judge in both the chancery case and the mandamus case, that the city plan commission did make the determination of approval as required by section 17.1

(3) of the zoning ordinance. We further conclude that on the records before us it affirmatively appears that the city plan commission sufficiently included such finding and determination in its minutes.

In view of the foregoing 2 conclusions, cases cited by the city are not in point which hold that in the absence of such findings its action would necessarily result in an invalid attempt to exercise legislative power delegated to the plan commission. The ordinance does not require that such findings be included, in the words of the ordinance, in the minutes of the commission. Having made such findings, and having sufficiently shown the same in its minutes, the city plan commission has complied with the standards set up as a condition precedent to the valid performance of its powers under the ordinance. The zoning ordinance has conferred upon the plan commission the authority to find whether an animal slaughterhouse is injurious to the surrounding neighborhood and not contrary to the spirit and purpose of the ordinance.

"While legislative power may not be delegated, * * * it may confer the authority for the finding of facts upon administrative officers, boards or commissions." *In re Brewster Street Housing Site* (syllabus), 291 Mich 313.

"It will be observed that the ordinance, like the statute (CL 1929, § 2637*), makes the decision of the board of appeals final insofar as it involves discretion or the finding of facts. No record is required except the order or decision 'as in its opinion ought to be made.'

"The board is not required by ordinance or statute to set up the reasons or grounds of its decision, and no review by certiorari or otherwise is provided as

_____
* See, as amended, CL 1948, § 125.585 (Stat Ann 1949 Rev § 5.2935).—Reporter.

in other States." *Beardsley* v. *Evangelical Lutheran Bethlehem Church,* 261 Mich 458.

The trial court did not err in granting the motion to dismiss the bill of complaint, and in subsequently granting mandamus to compel issuance of the building permit.

Affirmed, with costs to appellee in both cases.

REID, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.