BARUK v. ROGOVEIN.

1. MUNICIPAL CORPORATIONS—CITY PLAN COMMISSION—SPECIAL CIR-
   CUMSTANCES—HEARING.
   Rules of procedure of city plan commission providing, pursuant
   to charter authority, for regular hearings by the staff but
   that whenever the director should determine that special or
   unusual conditions or circumstances prevailed the commission
   should hold the hearing should be fairly construed by the
 • commission and in case of doubt as to whether such circum-
   stances prevail, the commission should hold the hearing (De-
   troit Charter, title 4, ch 10, § 6; Detroit City Plan Commission
   Rule 4.1).

2. SAME—JUNK YARD—HEAVY-MANUFACTURING ZONE—HEARING.
   No special or unusual conditions were presented by purchaser of
   land after establishment of steel mills, coke ovens, blast fur-
   naces and junk yards and after it had been zoned heavy manu-
   facturing in his suit to invalidate licenses for junk yard and
   to enjoin use of such property warranting a hearing by the
   city plan commission itself rather than by its staff, hence, the
   staff's report that the property was well embedded in a heavy-
   manufacturing district was accurate (Detroit Charter, title 4,
   ch 10, § 6; Detroit City Plan Commission Rule 4.1).

3. SAME—JUNK YARDS—HEAVY-MANUFACTURING ZONE—EXHAUSTION
   OF ADMINISTRATIVE REMEDY.
   Bill to enjoin use of property in heavy-industry zone of city for
   junk yard purposes held, to have been properly dismissed on
   pleadings, where it is undisputed that plaintiff had purchased
   his property after property was so zoned and nearby land was
   devoted to use for steel mills, coke ovens, blast furnaces, and
   at least 6 junk yards and plaintiff had failed to exhaust
   available administrative remedy by way of appeal from city
   plan commission to the board of zoning appeals (Detroit Char-
   ter, title 4, ch 10, § 6; Detroit City Plan Commission Rule 4.1).

REFERENCES FOR POINTS IN HEADNOTES
[3] 58 Am Jur, Zoning § 244.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted April 9, 1959. (Docket No. 24, Calendar No. 47,485.)   Decided June 6, 1959.

Bill by Raymond Baruk, doing business as Baruk Tool Co., against Louis Rogovein and Sam Kozle, copartners doing business as Atlas Scrap Iron & Metal Company, the City of Detroit, a municipal corporation, and various of its officials, to invalidate license for junk yard and to enjoin use of certain property for operation thereof.   Bill dismissed. Plaintiff appeals.   Affirmed.

*William C. Cassel,* for plaintiff.

*Nathaniel H. Goldstick,* Corporation Counsel, and *John F. Hathaway,* Assistant Corporation Counsel, for defendants City of Detroit and its officials.

*Benjamin D. Burdick,* for defendants Rogovein and Kozle.

KELLY, J.   Defendants and appellees Rogovein and Kozle filed application with the city plan commission of the city of Detroit seeking approval to operate a junk yard.

Appellant participated in the hearing held before staff members of the commission and was given ample opportunity to make known his objections to the application.

The staff submitted its written report to the commission and, after considering same, the commission gave its approval to the request and permits were issued.

After notice of approval to applicants, appellant protested the commission's action and demanded further hearing.   Upon advice of corporation counsel, the commission refused appellant's request.

Appellant filed a bill of complaint and the cause was submitted to the court on pleadings. Decree was entered dismissing appellant's bill of complaint.

The premises are located in a heavy manufacturing zoned district (MH) and under the provisions of the ordinance junk yards were permitted subject to the commission's determination that the yards would not be injurious to the surrounding neighborhood and not contrary to the spirit and purpose of the zoning ordinance.

The land is not located near a residential area. In close proximity to appellant's property are steel mills, coke oven, blast furnaces and 6 junk yards. These junk-yards uses include 3 scrap-metal yards, 1 house-wrecking material yard, and 2 auto-wrecking yards. Two of the scrap-metal yards are located within 43 feet of the property in question.

Appellant moved into the area after it had been zoned heavy manufacturing; after the ordinance above referred to existed and while the junk yards and the other heavy industries were in operation. Appellant complains that the commission failed to specify whether its findings were based on the fact that the use was not injurious to the neighborhood or on a finding that it was not contrary to the spirit and purpose of the ordinance. Appellant admits that a finding that the junk-yard use was not injurious to the surrounding neighborhood would be a proper determination by the commission, but contends that a finding that the use would not be contrary to the spirit and purpose of the ordinance would be void, as it would require judicial interpretation or legislative expression to make such a determination; that while a public body will be presumed to have acted with propriety, the presumption cannot apply when its failure to specify leaves a serious doubt as to which of 2 courses they have followed—one valid, the other palpably invalid.

The staff's report to the commission stated that the property in question "is well embedded in a heavy-manufacturing district and the use proposed would be justified."

Appellant introduced a letter from the director of planning to appellee's attorney, in which it was stated:

"After careful consideration of all of the factors involved, it was the opinion of the commission that the use of the premises and for the purpose described above would not be injurious to the surrounding neighborhood and that such use would not be contrary to the spirit and purpose of this ordinance. Your request was therefore approved."

In *City of Detroit* v. *S. Loewenstein & Son,* 330 Mich 359, 363, 364, we said:

"The precise question now raised by the city is that the record of the city plan commission does not spell out in precise language that the use of the property in question would not be injurious to the surrounding neighborhood and not contrary to the spirit and purpose of the ordinance. However, the ordinance does not require it. The plan commission did make such a finding, in substance, in granting Loewenstein's application. The minutes of the commission plainly show that the application of Loewenstein for 'special approval' of its request for location of the slaughterhouse as 'being not injurious to the surrounding neighborhood and not contrary to the spirit and purpose of the city zoning ordinance' was specifically granted.   *   *   *

"While it is not controlling, the record also shows that on July 31st the plan commission, in a letter sent to Loewenstein by the planning director, with a copy to city department of buildings and safety engineering, stated that the commission was of the opinion that the proposed building would not prove objectionable to the surrounding territory, and that the use of the premises would be consistent with the

provisions of section 17.1(3) of the zoning ordinance."

The record in this case discloses that the commission found the use of the property would not be injurious to the surrounding neighborhood.

Appellant asks this Court to nullify the commission's action because the commission delegated "to subordinate employees the authority to conduct such hearing in the absence of the commission, where the ordinance contains no permission to delegate such authority" and, also, stated that the staff members who conducted the hearing promised that the commission would give appellant a public hearing at a later date.

The record does not sustain such a promise by the staff members as the case was submitted to the trial court on the pleadings and plaintiff's allegation of such a promise was denied in defendants' answer.

The charter for the city of Detroit established a city plan commission with the right to adopt rules of procedure.* The commission "to facilitate the performance of its duties and the exercising of its powers" adopted "Rules of Procedure." Rule 4.1, entitled "Regular Hearings," provides:

"Unless otherwise directed by the commission and except as hereinafter provided, regular hearings shall be held by the staff on request for findings and approval under * * * section 17.1, paragraph (3) of the zoning ordinance, provided: Whenever the director shall determine special or unusual conditions or circumstances prevail the commission shall hold the hearing."†

---

* Title 4, ch 10, § 6, Municipal Code, City of Detroit, Charter section, p 66.—For zoning provisions applicable in this case, see City of Detroit, Official Zoning Ordinance (1953), §§ 17.1, 20, 21, 22. —REPORTER.

† Handbook, [Detroit] City Plan Commission (1957), p 7.—REPORTER.

The provision "special or unusual conditions" should be fairly construed by the commission and in case of doubt as to whether such circumstances prevail, the commission should hold the hearing.

No "special or unusual conditions" existed in the present case. Appellant acquired his property knowing it was located in a heavy manufacturing district and that it was surrounded in close proximity by steel mills, coke ovens, blast furnaces and junk yards.

The staff accurately reported that applicant's "property is well embedded in a heavy-manufacturing district and the use proposed would be justified."

Appellant had the right to file an appeal to the board of zoning appeals and failed to take advantage of this right or opportunity.

The decree of the trial court dismissing plaintiff's bill of complaint is affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.