HOFFER *v.* FRED L. KIRCHER COMPANY.

1. MUNICIPAL CORPORATIONS—ZONING—AMENDMENT OF ORDINANCE— REPORT OF CITY PLANNING COMMISSION.

Report of city planning commission to city council anent situation involved in amendment of zoning ordinance, required by statute before council could amend such an ordinance, was not defective for failure to disclose that an investigation had been made by the commission or to state the information or data so gathered with respect to the effect which the proposed change would have on traffic congestion, public health, safety, and general welfare, or on property values in the area, since the statute does not set forth that such matters are required to be in the report (CL 1948, § 125.584).

2. SAME—AMENDMENT OF ZONING ORDINANCE—EXPANSION OF COMMERCIAL ZONE.

Amendment of zoning ordinance whereby there was added to the north of a block long lot, originally zoned for commercial usage and east of an adjoining lot previously rezoned for commercial use, another lot for commercial use and its adjoining lot to the north for parking purposes *held,* a logical expansion of a properly located business area and not unreasonable and arbitrary, as claimed but not properly alleged or proved so as to overcome presumption of validity of council's action (CL 1948, § 125.584).

REFERENCES FOR POINTS IN HEADNOTES
[1]  58 Am Jur, Zoning § 176.
[2, 3]  58 Am Jur, Zoning § 171.

3. Same—Rezoning to Commercial Use—Increase in Traffic.
   Allegation that the rezoning of 2 lots from 2-family residence
       use classification to commercial or parking uses would result
       in an increase in traffic *held*, insufficient to invalidate amend-
       ment to city zoning ordinance (CL 1948, § 125.584).

Appeal from Ingham; Coash (Louis E.), J. Sub-
mitted January 4, 1961. (Docket No. 21, Calendar
No. 48,735.) Decided June 29, 1961.

Bill by W. E. Hoffer and other property owners
against Fred L. Kircher Company, a Michigan cor-
poration, to enjoin use of its property in manner
as rezoned. Bill dismissed on motion. Plaintiffs
appeal. Affirmed.

*Newman, Chamberlain, Jones & Mackay (Fred C.
Newman,* of counsel), for plaintiffs.

*Anderson, Carr & Street (Leland W. Carr, Jr.,*
of counsel), for defendant.

Dethmers, C. J. Plaintiffs' amended bill of com-
plaint, filed in 1960, alleges that they are owners of
lots in a district zoned by a 1942 city ordinance as
"C" 2-family residential, except for a limited area
therein classified as "F" commercial; that defendant
owns 3 lots in that district which originally were
zoned "C" 2-family by that ordinance; that these
lots are described as lots 6, 7 and 9 of block 4,
Assessor's Plat No. 16, city of Lansing; that in 1948
the Lansing city council amended the ordinance to
change the classification of lots 7 and 9 from "C"
2-family to "J" parking; that in 1950 it was amended
again to change lot 9 from "J" parking to "F" com-
mercial; that in 1959 defendant petitioned for fur-
ther amendment to change lot 6 from "C" 2-family
residential to "J" parking and lot 7, except a por-

tion thereof, from "J" parking to "F" commercial; that the ordinance was so amended in 1959.

Plaintiffs' bill concludes with a prayer for an injunction against use of any of defendant's 3 lots for purposes other than those permitted under a "C" 2-family classification or, in the alternative, an injunction limiting use of lot 7 to "J" parking purposes. The trial court granted defendant's motion to dismiss the bill of complaint for failure to state a cause of action. Plaintiffs appeal here.

The enabling act, under which the ordinance was adopted, provides in section 4 (CL 1948, § 125.584 [Stat Ann 1958 Rev § 5.2934]) that, after its adoption, a zoning ordinance shall not be amended by the city's legislative body until the so-called planning commission, therein provided for in cities of over 25,000 population, shall have made a report on the proposed amendment. Plaintiffs contend that there was no compliance with this requirement with respect to the 1959 amendment, that the latter is, in consequence, null and void, that, accordingly, the allegations of plaintiffs' bill of complaint with reference thereto did state a cause of action, and that the trial court's contrary holding was, therefore, erroneous.

Plaintiffs' bill of complaint sets forth as the letter on the subject from the planning commission to the city council, the following:

"The planning board recommends that the petition by the Fred L. Kircher Company to rezone lot 6, block 4, Assessor's Plat No. 16 from 'C' 2-family residence district to 'J' parking district and lot No. 7, block 4, Assessor's Plat No. 16, except the south 33 feet of the west 66 feet, from 'J' parking district to 'F' commercial district be granted, because this is a logical expansion of a properly located business area."

Plaintiffs say this was not a report as required by statute, but merely a recommendation. They say it is defective, particularly, because it does not disclose an investigation by the commission nor state information or data so gathered with respect to the effect which the proposed change would have on traffic congestion, public health, safety and general welfare or on property values in the area. The statute does not so require. Testimony taken at the hearing on the motion disclosed that a committee of the commission personally inspected the area and, on the basis of their knowledge and what they had seen, reported to the commission, and it, thereupon, voted in favor of the rezoning and sent the quoted letter to the city council. It will be noted that the commission advised the council that the rezoning would constitute a logical expansion of a properly located business area. The averments of plaintiffs' bill of complaint as to the zone classification of adjacent properties bear out that finding of the commission and its report thereof to the council. Analogous is *Detroit* v. *S. Loewenstein & Son,* 330 Mich 359. Under its holding we can scarcely say that the letter to the council was insufficient to meet the statutory requirement for a report.

Plaintiffs also contend that the city council acted arbitrarily and capriciously and failed to comply with the standards provided in the enabling act to conform to the requirements of a general plan and particularly that it did not give reasonable consideration to the character of the neighborhood and the effects of the rezoning on traffic congestion, public health, safety or the general welfare.

Defendant's lots 6, 7 and 9 are in block 4. Lot 8 includes the entire south end of the block. Adjacent to it, on the north and in the west half of the block, is lot 9. Adjacent to lot 8, on the north and in the east half of the block, is lot 7. Lot 6 is adjacent,

on the north, to lot 7. Thus the north boundary of the block-long lot 8 consists of the south sides of lots 7 and 9. As plaintiffs' bill recites, lot 8 was zoned from the beginning as "F" commercial; in 1948 lots 7 and 9, both adjacent to 8, were rezoned as "J" parking and in 1950 lot 9 was rezoned again, this time to "F" commercial. Thus, at the time of the rezoning in 1959 of a portion of lot 7 from "J" parking to "F" commercial it was bordered for its full length on the south and its entire width on its rear or west end by lots 8 and 9, which already were "F" commercial, and lot 6 immediately north of lot 7 was made "J" parking which would logically afford parking accommodations for lot 7 as a commercial location. So it will be observed that the 1959 amendment served to extend the "F" commercial area in lots 8 and 9 to a portion of the immediately adjacent lot 7 and provided parking accommodation therefor on lot 6. The commission's report to the council, therefore, properly reported that the rezoning of 1959 would be a logical expansion of an existing and properly located business area, at least one which, insofar as lot 8 is concerned, had been such since the inception of the zoning ordinance in 1942.

Despite the pleading of conclusions that the council's action was unreasonable and arbitrary, no facts are alleged which, if proved, would establish it or overcome the presumption of the validity of the council action.

The lines of demarcation between different zones must be located somewhere. The moving of the line of the "F" commercial zone from the south to the north border, first of lot 9 and then of lot 7, and of the "J" parking zone from the south to the north boundary of lot 6 is not, under the allegations of the bill, except for statements of conclusions, arbitrary, unreasonable, or invalid but, on the contrary,

entirely logical and reasonable. If it should, as alleged, increase traffic, that is no objection that might not be applied equally to all cases of zoning areas for business purposes. Such an allegation is insufficient to make out a case for plaintiffs.

Affirmed. Costs to defendant.

KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

CARR, J., did not sit.