TOWNSHIP OF BLACKMAN *v*. KOLLER.

1. TOWNSHIPS — ZONING ORDINANCE — RESIDENCES — DISCRIMINA-
TORY APPLICATION.

Township zoning ordinance which zoned, as residential and farm-
ing, a block surrounded on 3 sides by airport with noncon-
forming structures, a commercial zone and 2 other mobile
homes, although placed subsequent to enactment of the zoning
ordinance, had been permitted to remain on lots across street
*held*, unconstitutional as applied to defendants' lot so as not
to preclude use of lot for mobile home, where evidence shows
they were unable to obtain financing arrangements for con-
struction of a permanent home and sanitary arrangements were
made as required by township zoning inspector, since applica-
tion of the zoning ordinance to defendants' property was un-
lawfully discriminatory.

2. MUNICIPAL CORPORATIONS—ZONING ORDINANCES—ESTOPPEL.

A municipality cannot be estopped from enforcing a zoning
ordinance because of the unauthorized action of its agents and
administrative employees in granting permissive authority
contrary to the terms of the ordinance.

Appeal from Jackson; Simpson (John), J. Sub-
mitted April 8, 1959. (Docket No. 20, Calendar No.
47,580.) Decided October 12, 1959.

Bill by the Township of Blackman, a municipal cor-
poration, Mabel Lincoln, Robert Hill and others
against Wells Koller and Janet J. Koller to abate

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning § 20.
[2] 58 Am Jur, Zoning § 193.
Right of municipality or other public authority to enforce zoning
regulations as affected by its previous conduct in permitting or
encouraging violation thereof. 119 ALR 1509.

nuisance and restrain defendants from maintaining trailer coach home on property zoned as residential area.   Decree for plaintiffs.   Defendants appeal. Reversed.

*H. A. Kinch,* for plaintiff township.

*Dudley & Rogers,* for individual plaintiffs.

*Phillip C. Kelly* and *George R. Campbell,* for defendants.

VOELKER, J.   The plaintiffs in this case, Blackman township and certain residents thereof, seek to enforce against the defendants, Wells and Janet Koller, the provisions of a zoning ordinance adopted by that township in 1952.   That ordinance in effect prevents the use of mobile homes in the township except in commercial trailer parks that are located in a small portion of the township that is zoned commercial or industrial.   The defendants are living in a trailer that they have placed on a lot they own in the township, which lot is zoned residential and farming. The trial court decreed that the ordinance was valid, that the defendants' violation thereof constituted a nuisance per se, and enjoined further habitation in the trailer on their lot.   From that decree the defendants have appealed.   The appeal presents several technical questions which we shall not now discuss, turning our attention first to what we conceive to be the controlling issue in the case: Has the ordinance been unequally and discriminatorily applied to defendants?

To help clarify our discussion of that question we need more facts.   Defendants' lot is located on the west side of Brentwood road, in a block that is about 1/8th of a mile long, bounded on the south by Wildwood street and on the north by Housman street.

Approximately 1,000 feet to the west of the defendants' lot, in the same zone, is the Jackson airport, which includes, in addition to the usual attributes of a small airport, several nonconforming buildings of a commercial nature, some of which were built before and some after the enactment of the ordinance. There is also a nonconforming gravel pit in the zoned area. On the north side of Housman street is a large section of property known as the west prison farm (now owned by the airport). On the east side of Brentwood street, across the street and in the same block as defendants' trailer, are 2 other trailers that were placed there subsequent to the enactment of the ordinance and upon which adjoining properties the township has since regularly collected real estate taxes. The brief of the township concedes that no action has ever been taken by the township for such other trailer violations. The north side of Wildwood street (south of defendants' lot) is zoned commercial. Thus the block in which defendants' lot is located is bounded on the west and north by airport property and the noted nonconforming buildings, on the south by a developed commercial and industrial area, and on the east by at least 2 other house trailers.

The defendants bought the lot in question on April 27, 1953 (about 1 year after the zoning ordinance was adopted), intending to build their home on it. At the time of purchase the lot was an eyesore to the area. It was overgrown with tall weeds, strewn with about 10,000 scattered bricks, and was generally in a run-down and unsightly condition. The defendants cut the weeds, hauled away the bricks, leveled the lot, and planted grass. In the words of the trial judge who viewed the scene: "There is no question but what the defendants cleaned up the lot, fixed it up very nice, and have a very fine yard there."

After cleaning up the lot the defendants obtained plans for a large ranch type home which they hoped

to build on the lot. They then went to several banks and lending agencies in an attempt to borrow money with which to build that home. In every attempt to borrow they were refused because of the proximity of the lot to the airport and the general substandard nature of the neighborhood. Defendants then reviewed their situation, obtained plans for a smaller home, and again attempted to borrow money for the construction. Again they were refused for the same reasons. In a final effort to make some residential use of their property the defendants bought a modern mobile home and moved it onto the lot. Shortly thereafter the township zoning inspector visited the premises and told them that they could keep the trailer there and live in it provided they made the necessary sanitary arrangements. Such arrangements were made.

Perhaps we can now restate the question more precisely as: Does the enforcement of the ordinance against these defendants, while an identical nonconforming use of other property in the immediate zoned area has been permitted and continues to be permitted, constitute an unequal and unlawfully discriminatory application of said ordinance? We think it does.

We are aware that a municipality cannot be estopped from enforcing a zoning ordinance because of the unauthorized action of its agents and administrative employees in granting permissive authority contrary to the terms of the ordinance (*Fass* v. *City of Highland Park,* 326 Mich 19; see also 1 ALR2d 338 and 6 ALR2d 960 at 965), and we are not grounding our decision on estoppel. Nor are we basing our decision on the fact that the defendants could not finance the building of a house. Rather we are basing it upon the unconstitutionality of the ordinance as to these defendants because of unequal and discriminatory enforcement, and we are doing so under the

authority of our unanimous decision in *Morris G. Laramie & Son, Inc.,* v. *Southfield Township Building Inspector,* 326 Mich 410.

In that case we squarely held that when the township suffered others to use their property in a similar nonconforming manner, that to enforce the zoning ordinance against the defendant alone would be discriminatory and unlawful. We there said (p 414):

"In this case, the permitted nonconforming use on the McManus property for so great a period of time, which permitted use had its inception after the enactment of the ordinance in question, undermines the restrictions of the ordinance as applied to the immediate locality.

"The trial court, after consideration of the testimony in the case, concluded that 'plaintiff, for all intents and purposes, seeks to make the same use of its property as is made of the McManus property.' We agree with such finding. We are satisfied that the action of the township, through its officer, is discriminatory. The judgment of the trial court granted a writ of mandamus to require the building inspector to issue the building permit sought by plaintiff. The judgment appealed from is affirmed."

To the same effect also see *Senefsky* v. *City of Huntington Woods,* 307 Mich 728 (149 ALR 1433).

Having thus decided the primary question involved in this appeal the remaining questions need not be discussed. The decree of the court below is reversed, with costs to appellants.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.