WALKER'S AMUSEMENTS, INC v LATHRUP VILLAGE

Docket No. 78-3217. Submitted April 3, 1980, at Detroit.—Decided September 15, 1980. Leave to appeal applied for.

Walker's Amusements, Inc., plaintiff, was issued a certificate of occupancy and a merchant's business license to operate a retail record and tape store by the City of Lathrup Village, defendant. Subsequently, the Lathrup Village City Attorney filed a complaint against the plaintiff alleging that plaintiff obtained its license and certificate by fraudulent misrepresentation. Specifically, the defendant city alleged that the plaintiff at all times intended to operate as its main business a pinball arcade and not a record and tape store. After a hearing held by the building inspector and the city clerk, plaintiff's certificate and license were revoked.

Plaintiff, thereupon, filed suit in Oakland Circuit Court, seeking declaratory and injunctive relief against the defendant city and others. The court granted plaintiff a temporary restraining order. Thereafter, the plaintiff filed an appeal of the revocation of its certificate and license with the zoning board of appeals of defendant city. By resolution, the zoning board of appeals adopted the rules of procedure of the Michigan Administrative Procedures Act of 1969. The board affirmed the revocation of plaintiff's certificate of occupancy and merchant's license. Subsequently the plaintiff amended its complaint for declaratory judgment in circuit court to allege that the decision of the zoning board of appeals affirming revocation was unreasonable, arbitrary and capricious. The court, Robert L. Templin, J., affirmed the findings of fact of the zoning board of appeals and ordered the plaintiff to cease and desist from the operation of its business in Lathrup Village. Plaintiff appeals. *Held:*

1. The procedure applicable to administrative agencies in general should apply to zoning appeals in the absence of a statute or ordinance which specifies the manner in which

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law § 553 *et seq.*
    82 Am Jur 2d, Zoning and Planning § 322 *et seq.*
[2] 82 Am Jur 2d, Zoning and Planning § 14.

zoning appeals should be heard. Here, the board adopted the rules of procedure expressly provided for state administrative agencies. Moreover, this procedure, the appointment of a hearing officer, is a proper one which does not violate due process.

2. The procedure followed by the city does not constitute reversible error since the city was not precluded from adopting hearing provisions included in the Michigan Administrative Procedures Act and the hearing examiner procedure utilized by the city does not violate due process.

3. The operation of five pinball machines by the city constitutes such a dissimilar and disparate use that it cannot be considered an identical nonconforming use, and therefore even though the city operates pinball machines in the immediate zoned area of plaintiff's store, such operation does not constitute a denial of equal protection to plaintiff.

4. A variance, if granted to the city to operate five pinball machines, would not violate equal protection. Even if the defendant city was violating an ordinance, that fact would not estop the city from enforcing that ordinance against others.

Affirmed.

1. ZONING — ADMINISTRATIVE LAW.

The procedure applicable to administrative agencies in general should apply to zoning appeals in the absence of a statute or ordinance which specifies the manner in which zoning appeals should be heard.

2. ZONING — CONSTITUTIONAL LAW — EQUAL PROTECTION.

The enforcement of a zoning ordinance against one party while an identical noncomplying use of other property in the immediate zoned area is permitted and continues to be permitted constitutes a denial of equal protection.

*Kenneth A. Webb,* for plaintiff.

*James H. McCrory,* for defendant.

Before: J. H. GILLIS, P.J., and ALLEN and BEASLEY, JJ.

BEASLEY, J. On December 6, 1976, defendant City of Lathrup Village revoked plaintiff merchant's license and certificate of occupancy. This decision was affirmed by both the zoning board of

appeals of Lathrup Village and the circuit court. Plaintiff now appeals as of right.

On October 28, 1976, plaintiff applied to the City of Lathrup Village for an initial merchant's license. On the application, plaintiff represented that it would be operating a retail record and tape store along with "any incidental business permitted by law". Plaintiff was then issued a certificate of occupancy and a merchant's business license to operate a retail record and tape store.

On November 16, 1976, the Lathrup Village City Attorney filed a complaint against plaintiff alleging that plaintiff obtained its license and certificate by fraudulent misrepresentation. Specifically, defendant city alleged that plaintiff at all times intended to operate as its main business a pinball arcade and not a record and tape store. A hearing was held by the building inspector and the city clerk on December 1, 1976, and, after hearing testimony, plaintiff's certificate of occupancy and merchant's license were revoked on December 6, 1976.

On that same day, December 6, 1976, plaintiff filed suit in circuit court seeking declaratory and injunctive relief against defendant, the City of Lathrup Village. The court granted plaintiff a temporary restraining order. Plaintiff then filed an appeal of the revocation of its certificate and license with the zoning board of appeals of defendant city.

In April, 1977, the zoning board of appeals held initial hearings on this matter. By resolution, the board adopted the rules of procedure of the Michigan Administrative Procedures Act of 1969.[1] Board member Goray was appointed as a hearing officer in the event that one was needed.

[1] MCL 24.201 et seq.; MSA 3.560(101) et seq., MCL 24.279; MSA 3.560(179), in particular.

On May 24, 1977, the board decided to expedite the hearing procedure by having the rest of the witnesses give their testimony before hearing officer Goray, who would, in turn, transmit it to the full board for consideration and decision. The hearings proceeded from May 25, 1977, through July 14, 1977, approximately ten sessions. On September 27, 1977, at the conclusion of the hearings, the board issued its opinion, signed by four of the six board members, affirming the revocation of plaintiff's certificate of occupancy and merchant's license.

Meanwhile, plaintiff had amended its declaratory judgment complaint in circuit court to allege that the decision of the zoning board of appeals affirming revocation was unreasonable, arbitrary and capricious. On August 16, 1978, the circuit court affirmed the findings of fact of the zoning board of appeals and ordered plaintiff to cease and desist from the operation of its business in Lathrup Village. On appeal, plaintiff raises four issues.

First, plaintiff argues that the zoning board of appeals lacked authority to appoint a hearing officer to take testimony and to receive evidence. Initially, we note that the zoning board of appeals is empowered by ordinance 18, § 9.4(c) to hear and decide appeals as follows:

"Such Board [Zoning Board of Appeals] shall hear and decide appeals and review any order, requirement, decision or determination made by any administrative official charged with the enforcement of this Ordinance."

Section 9.5 of ordinance 18 further empowers the board to "adopt general rules and regulations

relating to its procedure". Pursuant to this section, the board adopted the rules of procedure of the Michigan Administrative Procedures Act. Specifically, the board adopted and implemented a rule whereby it could appoint a hearing officer to receive evidence and prepare a report to be submitted to the board and upon which the board could make its decision. The plaintiff argues that this method of hearing was improper. We do not agree.

In the absence of a statute or ordinance which specifies the manner in which zoning appeals should be heard, the procedure applicable to administrative agencies in general should apply. As stated in 8A McQuillin, Municipal Corporations (3d ed), § 25.263, 233:

"* * * if no particular method of procedure for the conduct of hearings before the zoning board of appeals is provided for either in the state zoning act or in the zoning ordinance of the city, its hearings must be governed by established rules of procedure applicable generally to administrative tribunals." (Footnote omitted.)

In this case, the board adopted the rules of procedure expressly provided for state administrative agencies. Moreover, this procedure, the appointment of a hearing officer, is a proper one which does not violate due process. As stated in 2 Am Jur 2d, Administrative Law, § 407, p 218:

"Whether or not expressly authorized by statute, it is permissible, and does not render a hearing inadequate or unlawful, for an administrative agency to employ the panel method of hearing in which one or more of the members of the agency takes the testimony in the matter before the agency, or to employ other persons, such as an examiner, investigator, or referee, to obtain the evidence and conduct the hearings, and make a

report to the agency upon which the agency makes its decision. Such procedure is a practical necessity." (Footnotes omitted.)

Accordingly, we hold that under the city ordinance, the board of zoning appeals has the power to adopt reasonable procedures to facilitate the "hearing and deciding of appeals", such as the hearing officer procedure authorized under the Michigan Administrative Procedures Act.

However, plaintiff argues that defendant city is restricted by § 9.11 of ordinance 18. Plaintiff reads this section to require that at least four members of the board be present when *any* evidence is adduced. That section reads as follows:

"All Board meetings shall be open to the public. Meetings of the Board shall be held at the call of the Chairman, and at such other times as the Board may determine. Such Chairman, or in his absence, the Vice-Chairman, may administer oaths and require the attendance of witnesses, compel testimony and the production of books, papers, files, and other evidence pertinent to the matter before it. The Board shall keep minutes of its meetings which shall be made a public record. Four members of the Board shall constitute a quorum for a conduct of its business."

After carefully reviewing defendant city's ordinance, we conclude that plaintiff's argument is unpersuasive. Reading § 9.11 in conjunction with §§ 9.4 and 9.5 indicates that four members of the board must be present at meetings for the *conduct of the board's business.* The board's business is to hear and decide appeals.

Although the entire board may, at its option, hear evidence at their meetings, the ordinance does not make it mandatory that they must do so. In fact, although listening to testimony and being

physically present for the admission of evidence might be one way for the board to hear an appeal, it is not the only way. Another way, and the one adopted by the board in this case, is to hear and decide plaintiff's appeal by reviewing the transcripts and the evidence adduced at prior hearings. We find that, although the full board did not sit for all ten sessions of hearings, this was unnecessary under the ordinance, since they did, nonetheless, conduct their business, hear and decide plaintiff's appeal at a proper meeting.

If the city council or, for that matter, the Legislature had intended that all of the evidence and testimony be taken before the full board, they could easily have so specified. However, they did not. Accordingly, we conclude that the defendant was not precluded from adopting hearing provisions included in the Michigan Administrative Procedures Act. We further find that the hearing examiner procedure utilized by defendant in this case does not violate due process.[2] Therefore, we hold that, under the facts of this case, the procedure followed by defendant city did not constitute reversible error.

Plaintiff next argues that the zoning ordinance which effectively restricted pinball operations in commercially zoned districts was unequally and discriminatorily applied to deny them equal process. Plaintiff reasons that defendant city, itself, had five pinball machines operating in its Teen Center in City Hall at the time plaintiff was operating and that this use was not prohibited.

In support of its argument, plaintiff relies upon *Township of Blackman v Koller.*[3] In that case, the

---

[2] *Bundo v Walled Lake,* 395 Mich 679; 238 NW2d 154 (1976), *Baruk v Rogovein,* 356 Mich 476; 96 NW2d 785 (1959).

[3] 357 Mich 186; 98 NW2d 538 (1959).

Court held that the enforcement of a zoning ordinance against one party while an identical noncomplying use of other property in the immediate zoned area had been permitted and continued to be permitted constituted a denial of equal protection.

We believe that, if the city's pinball use and its operation were so similar as to constitute an identical noncomplying use and the ordinance was applied to prohibit only plaintiff's use while allowing defendant's, a difficult equal protection issue would exist. However, under the facts of this case, we find that the two uses were so dissimilar and disparate that they could not be considered identical noncomplying uses.

In this case, defendant city operated five pinball machines in its basement, while plaintiff operated 50 as its main business. Defendant city limited the number of people to approximately 15 in its recreation center, while plaintiff permitted as many as 170 people to occupy its establishment. The city closed the pinball operation down by 9 p.m., while plaintiff operated until 1 or 2 a.m.

Accordingly, although the record does not reflect whether defendant city had obtained a zoning variance to operate its machines, we find that, if the city had been granted a variance, we would have no difficulty in concluding that the grant did not violate equal protection.

We also note that, even if defendant city was itself violating an ordinance, that fact would not serve to estop the city from enforcing the zoning ordinance against others.[4]

Plaintiff's last two issues were not raised in the

---

[4] *Fass v City of Highland Park,* 326 Mich 19; 39 NW2d 336 (1949).

trial court. Accordingly, they will not be considered for the first time on appeal.[5]

Affirmed.

[5] *Magnotta v Michigan Millers Mutual Ins Co,* 35 Mich App 450; 192 NW2d 553 (1971), *Midwest Bridge Co v Highway Dep't,* 24 Mich App 151; 180 NW2d 117 (1970).