BRANDON CHARTER TOWNSHIP v TIPPETT

Docket No. 208705. Submitted April 3, 2000, at Detroit. Decided June 13, 2000, at 9:00 A.M. Leave to appeal sought.

Brandon Charter Township brought an action in the Oakland Circuit Court against David Tippett, seeking injunctive relief against an alleged violation by the defendant of a township zoning ordinance that restricts the parking and storing of commercial trailers, trucks, or equipment on land zoned as rural estate. The ordinance provides an exemption from the restrictions for vehicles and equipment that are used on a bona fide farm and in farming operations. The court, Jessica R. Cooper, J., granted summary disposition for the township, rejecting the defendant's contentions that the farming exemption is not limited to farming within the township and that the exemption applied to him because he used the equipment in question for farming outside the township. The trial court also rejected the defendant's contention that the ordinance was being selectively enforced in violation of his equal protection rights. The defendant appealed.

The Court of Appeals held:

1. The ordinance at issue provides in pertinent part: "The restrictions . . . do not apply to vehicles and equipment that are used on a bona fide farm and in farming operations." The ordinance clearly and unambiguously does not limit the application of the exemption to farming operations in the township, and the ordinance must be applied as written. The unlimited application of the exemption does not lead to absurd results. Even though the township is without authority to regulate land use outside its jurisdiction, rewarding property owners within its borders with the benefit of the exemption for farming activities conducted outside the township would be consistent with the goal the township expressed in its ordinance of preserving agricultural land in general, not just agricultural land in the township.

2. The defendant's equal protection claim need not be addressed in light of the disposition of the exemption claim.

Reversed and remanded.

HOOD, P.J., dissenting, stated that the majority's interpretation of the exemption is inconsistent with the intent behind the ordinance

of fostering agricultural land use within the township and that the defendant's submission of photographs allegedly depicting noncompliance by other property owners is insufficient to support his equal protection claim absent evidence that those other cases involve identical noncomplying use. The trial court's grant of summary disposition for the township should be affirmed.

ZONING — ORDINANCES — JUDICIAL CONSTRUCTION.

Courts interpret ordinances in the same manner they interpret statutes; if the language is clear and unambiguous, courts may only apply the ordinance as written.

*Campbell, Keenan, Cooney, Karlstrom & Steckling, LLP* (by *Stuart B. Cooney*), for the plaintiff.

*Steven P. Iamarino,* for the defendant.

Before: HOOD, P.J., and GAGE and WHITBECK, JJ.

WHITBECK, J. Defendant David Tippett appeals as of right from an order denying his motion for summary disposition and granting summary disposition in favor of plaintiff Brandon Charter Township pursuant to MCR 2.116(I)(2). We reverse.

I. BASIC FACTS AND PROCEDURAL HISTORY

Tippett owns ten acres of land, zoned as Rural Estate (RE) District, in Brandon Township. He parked and stored various pieces of heavy equipment on his property, including a backhoe, excavator, bulldozer, semi-tractor, and dump truck and trailer. Tippett, who occasionally used the equipment to maintain his private road in Brandon Township and to run a part-time excavating business, did not store the equipment in a building or other structure on the property and did not engage in farming activities in Brandon Township. More importantly, Tippett also used the equipment in

"bona fide farming operations" in Marlette, Michigan, which is not in Brandon Township.

On November 29, 1995, Brandon Township filed its complaint requesting injunctive relief. Brandon Township alleged that, by storing farming equipment on his property, Tippett had violated subsection 8.03 of the local zoning ordinance, which states in pertinent part:

> The following uses may be permitted subject to the conditions hereinafter imposed and subject further to the review and approval of the Planning Commission, and subject to the standards set forth in Section 5.18 of this Ordinance.
>
> *    *    *
>
> 10. Parking and storing of commercial trailers, trucks and or equipment with a rated capacity exceeding 10,000 pound G.V.W. subject to the following conditions:
>
> A. Minimum acreage required shall be 10 acres.
>
> B. Not more than 3 vehicles or vehicles and mobile equipment in combination shall be parked or stored on the property.
>
> C. All vehicles and equipment shall be parked or stored in completely enclosed building(s).
>
> *The restrictions in item 10 of this section do not apply to vehicles and equipment that are used on a bona fide farm and in farming operations as defined by article III of this ordinance.* [Emphasis supplied.]

The township also alleged that Tippett, who continued to refuse to remove the equipment, had not applied for special use approval to maintain the equipment on his property.

Subsequently, in addition to agreeing to the facts outlined above, the parties stipulated that (1) the zoning ordinance was enacted in 1989, four years before Tippett built and occupied his house, (2) the zoning

ordinance was in force at all relevant times and applied to Tippett's property, and (3)

> [o]n or about January 10, 1996, Defendant provided the Plaintiff with sixty photographs, taken at or about that time, depicting commercial equipment located on private residential property. Of the sixty (60) photographs, eleven (11) represented situations which violated the Brandon Township zoning ordinance Rural Estate (RE) provisions, but had not, previous to that date, been enforced by the Township.

Tippett moved for summary disposition pursuant to MCR 2.116(C)(10). Relying on the stipulated facts, Tippett argued that the zoning ordinance did not prohibit him from storing the equipment on his property because the zoning ordinance had an exception for equipment used for bona fide farming. Tippett also argued that Brandon Township selectively enforced the zoning ordinance and, therefore, denied him equal protection. Brandon Township countered that exception for equipment used in bona fide farming operations only applied to such an operation within the township. Further, Brandon Township contended that it had not avoided enforcing the zoning ordinance to the extent that enforcing it against Tippett denied him equal protection.

The trial court rejected Tippett's argument that by using the equipment for a bona fide farming operation *outside* Brandon Township he could qualify for a zoning exception within the township. The trial court reasoned that

> the zoning ordinances don't extend the authority of the Township to govern other regions. Therefore, it appears that although the zoning ordinance in question really didn't specifically state that the exception as applied to farming equipment was limited to farming activities in the Town-

ship, to allow the lack of specificity to mean that any activity anywhere allows one to store commercial vehicles on their property is . . . ridiculous.

This . . . construction would be inappropriate in light of the fact that the Township really can't regulate activities outside of its jurisdiction.

So the Defendant's contention that the lack of specificity should be construed in favor of the property owner would be to give an absurd affect [sic] to the statute.

The trial court also commented that, even though Tippett had provided photographic evidence of other zoning violations in the township, he had failed to show that they were "identical" to his alleged violation. He also failed to present evidence that Brandon Township had not "ticketed" the property owners who had committed these other zoning violations. As a result, the trial court ruled, Tippett failed to show that he was treated unequally. The trial court's resulting order enjoined Tippett from parking commercial vehicles on his property without a permit.

## II. BRANDON CHARTER TOWNSHIP'S ZONING ORDINANCE

### A. STANDARD OF REVIEW

Tippett presents the same arguments on appeal regarding the meaning of, and his exemption from, subsection 8.03.10 of Brandon Township's zoning ordinance. Because he asks us to interpret this zoning ordinance, he presents us with a question of law subject to review de novo.[1] *Burt Twp v Dep't of Nat-*

---

[1] Brandon Township contends that we must defer to the trial court's factual findings and engage in a review for clear error. However, because the parties stipulated the facts, our primary concern is with the law. *In re Butterfield Estate*, 405 Mich 702, 715; 275 NW2d 262 (1979). We review how the trial court applied the facts to the relevant law de novo, *Cain v*

*ural Resources*, 459 Mich 659, 662; 593 NW2d 534 (1999).

### B. INTERPRETATION

We interpret ordinances in the same manner that we interpret statutes. *Ahearn v Bloomfield Charter Twp*, 235 Mich App 486, 498; 597 NW2d 858 (1999). If the language is clear and unambiguous, the courts may only apply the language as written. *Id.* However, if reasonable minds could differ regarding the meaning of the ordinance, the courts may construe the ordinance. See generally *Adrian School Dist v Michigan Public School Employees' Retirement System*, 458 Mich 326, 332; 582 NW2d 767 (1998). We follow these rules of construction in order to give effect to the legislative body's intent. *Ballman v Borges*, 226 Mich App 166, 167; 572 NW2d 47 (1997).

### C. PLAIN LANGUAGE

In most cases, whether a property owner would be exempt from the requirements in subsection 8.03.10 of the zoning ordinance would rely on proof that the property owner used the disputed equipment or vehicles on a "bona fide farm and in farming operations." However, those terms are not at issue in this case because the parties agreed that the equipment on Tippett's Brandon Township property generally fell within this exception. The narrow issue on appeal, then, is whether using the equipment in this manner

---

*Dep't of Corrections*, 451 Mich 470, 503, n 38; 548 NW2d 210 (1996), which is consistent with the standard of review de novo for summary disposition, *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998).

in Marlette—but not in Brandon Township—exempts Tippett from complying with subsection 8.03.10 of Brandon Township's zoning ordinance.

There is no question that subsection 8.03.10 of Brandon Township's zoning ordinance regulates, as a whole, on the basis of many factors. Those factors include the size of the property at issue, the nature of the equipment or vehicles stored on the property, the number of vehicles or pieces of equipment, how the equipment and vehicles are used, and where the vehicles and equipment are stored on the property, i.e., in an enclosed structure. However, none of these factors, including the exception for equipment and vehicles used on a bona fide farm, explicitly or implicitly mentions a geographic location where the equipment is used. Brandon Township's argument relies wholly on having this Court add three words to the exception in subsection 8.03.10, so that it would read:

> The restrictions in item 10 of this section do not apply to vehicles and equipment that are used on a bone fide farm and in farming operations *in Brandon Township* as defined by article III of this ordinance.

This, however, is beyond our authority because courts may not legislate. See generally *Morgan v Taylor*, 434 Mich 180, 192; 451 NW2d 852 (1990), quoting *Melia v Employment Security Comm*, 346 Mich 544, 561-562; 78 NW2d 273 (1956).

Subsection 8.03.10 of the zoning ordinance, as written by the proper authority, is unambiguous and must be applied as written. *Ahearn, supra* at 498. That Brandon Township, when drafting the zoning ordinance, may have omitted what it now considers to be critical language limiting the exception to farming

within the township is certainly not Tippett's fault and should not be construed in a manner that prejudices him.

### D. ABSURD RESULTS

Brandon Township nevertheless argues that Tippett's interpretation is inconsistent with the purpose for enacting the zoning ordinance, which it contends is to protect farming within the township. Courts attempt not to interpret statutes, and by implication ordinances, in a manner that leads to absurd results. See *Rowell v Security Steel Processing Co*, 445 Mich 347, 354; 518 NW2d 409 (1994); *Ahearn, supra* at 498. However, we disagree that applying the plain language in this case leads to an absurd result.

Subsection 8.01 of the zoning ordinance explains the goals of zoning in this particular type of district:

1. Land containing agricultural value should be preserved because it is a vital resource.

2. Land with agricultural value justifies a design technique which attempts to support a town-country spatial relationship creating intrinsic urban-rural values.

3. Rural Estate zoning permits the timing of land allotments to urban purposes in keeping with a theory of maximizing supporting public utilities so as to achieve the greatest amount of service for each dollar of capital expenditure.

4. Indiscriminating urbanizing [sic] of agricultural lands adversely affects the remaining owners of land pursuing agricultural endeavors, by creating urban land values.

Not one word within this very plain explanation of the zoning ordinance suggests that the benefits of preserving agricultural land relate only to property within Brandon Township's limits. Rather, Brandon Township chose to express these goals in universal

terms, without restriction to its borders. Nor can we see a flaw in this approach. For instance, the statement that "[l]and containing agricultural value should be preserved because it is a vital resource" may be as true outside Brandon Township as it is *within* Brandon Township.

We do agree with the trial court that Brandon Township would exceed its authority by attempting to *regulate* land outside its jurisdiction. See generally MCL 125.271(1); MSA 5.2963(1)(1) (describing a zoning board's authority). However, to our knowledge, nothing would limit Brandon Township's ability to *reward* property owners within its borders for arguably socially useful activities they conduct elsewhere. If Brandon Township did not intend to create this sort of reward in subsection 8.03.10 of its zoning ordinance, then the remedy is to amend the ordinance by going through the proper processes. Brandon Township cannot attempt to enforce the zoning ordinance to reflect wording it *wishes* it had adopted that, nonetheless, does not appear anywhere in the ordinance. That the township cannot regulate land use outside its jurisdiction is both true and interesting, but essentially irrelevant to the disposition of this case. Using the trial court's terminology advisedly, it would be truly "ridiculous" to amend the Brandon Township zoning ordinance by judicial fiat in order to accommodate an essentially irrelevant notion of the scope of the township's regulatory authority.

Overall, we must be guided first and foremost by the language of the ordinance, which clearly compels the result in this case. Even when we consult the explicit intentions behind the zoning ordinance, we

see nothing absurd in enforcing subsection 8.03.10 as written.

### III. CONCLUSION

Tippett claims that Brandon Township's failure to enforce the zoning ordinance uniformly bars its enforcement against him. However, in light of the way we disposed of Tippett's first claim, we need not reach this issue.

Reversed and remanded for further proceedings consistent with this decision. We do not retain jurisdiction.

GAGE, J., concurred.

HOOD, P.J. (*dissenting*). I respectfully dissent from the majority's conclusion that its interpretation of the ordinance does not lead to absurd results.

On appeal, defendant asserts that he may engage in farming operations in Marlette, Michigan, and still qualify for the exemption. I disagree. Plaintiff's zoning ordinance addressed the storage of vehicles on private property and provides:

10. Parking and storing of commercial trailers, trucks and or equipment with a rated capacity exceeding 10,000 pound G.V.W. subject to the following conditions:

A. Minimum acreage required shall be 10 acres.

B. Not more than 3 vehicles or vehicles and mobile equipment in combination shall be parked or stored on the property.

C. All vehicles and equipment shall be parked or stored in completely enclosed building(s).

The restrictions in item 10 of this section do not apply to vehicles and equipment that are used on a bona fide farm

and in farming operations as defined by article III of this
ordinance.

The interpretation of a zoning ordinance presents a
question of law subject to review de novo. *Burt Twp
v Dep't of Natural Resources*, 459 Mich 659, 662; 593
NW2d 534 (1999). We interpret ordinances in accor-
dance with the rules of statutory interpretation.
*Ahearn v Bloomfield Charter Twp*, 235 Mich App 486,
498; 597 NW2d 858 (1999). If statutory language is
clear and unambiguous, additional judicial construc-
tion is neither necessary nor permitted, and the lan-
guage must be applied as written. *Id.* However, if rea-
sonable minds could differ regarding the meaning of a
statute, judicial construction is appropriate. *Adrian
School Dist v Michigan Public School Employees'
Retirement System*, 458 Mich 326, 332; 582 NW2d 767
(1998). Where a statute does not define a term, its
ordinary meaning applies. *Popma v Auto Club Ins
Ass'n*, 446 Mich 460, 469-470; 521 NW2d 831 (1994).
The primary goal of statutory interpretation is to give
effect to the intent of the legislative body. *Ballman v
Borges*, 226 Mich App 166, 167; 572 NW2d 47 (1997).
We may depart from a strict literal interpretation of a
statute that is inconsistent with the purposes and pol-
icies underlying the provision and would lead to
absurd and unjust results. *Albright v Portage*, 188
Mich App 342, 350, n 7; 470 NW2d 657 (1991).

Plaintiff township set forth the purpose for enact-
ing regulations governing rural estate districts as
follows:

The following reasons are given in evidence to support
the purposes for which this zoning district is intended to
accomplish.

1. Land containing agricultural value should be preserved because it is a vital resource.

2. Land with agricultural value justifies a design technique which attempts to support a town-country spatial relationship creating intrinsic urban-rural values.

3. Rural Estate zoning permits the timing of land allotments to urban purposes in keeping with a theory of maximizing supporting public utilities so as to achieve the greatest amount of service for each dollar of capital expenditure.

4. Indiscriminating urbanizing of agricultural lands adversely affects the remaining owners of land pursuing agricultural endeavors, by creating urban land values.

Defendant's interpretation is inconsistent with the purpose for enacting the rural estate district. The ordinance governing rural estates was designed to protect agricultural land. The ordinance allowing for an exemption for storage of farming equipment on land in plaintiff's township is consistent with the protection given to rural estates. That is, it would be impractical to require that farmers in plaintiff township remove their equipment off the farm into a storage facility at the end of the day only to retrieve it the following day for continued farming activities. Defendant's interpretation, that the equipment may be used for farming in other jurisdictions, would not further the purpose of the ordinance. Defendant does not foster agricultural land in plaintiff township; rather, he merely uses his land in plaintiff township as a parking lot for equipment used in other jurisdictions. Defendant's use merely creates an eyesore and does not increase the value of agricultural land in plaintiff township. Accordingly, I would hold that defendant's interpretation is contrary to the intent enunciated for enacting the ordinance and leads to absurd results. *Albright, supra.*

Furthermore, MCL 125.271; MSA 5.2963(1) provides that a township board may regulate land development by zoning ordinance *in the portions of the township outside the limits of cities and villages.* Defendant's contention, that plaintiff's failure to place limiting language to limit the regulations to the township precludes enforcement against him, is without merit. It is absurd to suggest that plaintiff was required to indicate that its ordinance was limited to properties contained within the township when the township has no authority to regulate farming activities outside its jurisdiction.[1] *Albright, supra.* Furthermore, I disagree with the majority's conclusion that plaintiff township *may* be seeking to preserve agricultural land outside its borders as well as inside and would be rewarding

---

[1] While the ordinance does not define "bona fide farm" or "farming activities," the ordinance does define "farmland" as:

   (a) A farm of 40 or more acres, in one ownership which has been devoted primarily to an agricultural use.
   (b) A farm of 5 acres or more in one ownership, but less than 40 acres, devoted primarily to an agricultural use, which has produced a gross annual income from agriculture of $200.00 per year or more per acres [sic] of cleared and tillable land.
   (c) A farm designated by the department of agriculture as a specialty farm in one ownership which has produced a gross annual income from an agricultural use of $2,000.00 or more.
   (d) Parcels of land in one ownership which are not contiguous but which constitute and [sic] integral part of farming operation being conducted on land otherwise qualifying as farmland may be included in an application under this act.

Application of this definition of "farmland" to the statute at hand would also lead to absurd results. That is, plaintiff township would have to expend resources to travel to other jurisdictions to verify whether land is of a sufficient acreage and verify the ownership to determine whether the exemption applies. Irrespective of the fact that the parties to this appeal stipulated that defendant engaged in "bona fide farming operations," plaintiff township would still have to investigate other claimed exemptions based on farming activities outside the township. There is no evidence to suggest that plaintiff township intended such consequences.

its property owners for socially useful activities they conduct elsewhere. There is no evidence that plaintiff township, by enacting its ordinance, intended to foster agricultural land around the globe, and I would not impart that intent based on "mays" or "perhaps." It is an attractive notion that local governments would act to benefit surrounding communities, near or far, but there is no indication in the record that plaintiff township had the time, resources, authority, or inclination to do so.

Defendant also argues that plaintiff's failure to uniformly enforce the ordinance bars enforcement against him. I disagree. Specifically, defendant argues that case law provides that enforcement of a zoning ordinance against one party while an identical non-complying use has been permitted constitutes a denial of equal protection. Indeed, in *Walker's Amusements, Inc v Lathrup Village*, 100 Mich App 36, 43; 298 NW2d 878 (1980), this Court acknowledged the rule that disparate enforcement of zoning ordinances could be a denial of equal protection. However, in *Walker*, this Court declined to hold that a violation of equal protection had occurred because the facts were so dissimilar and disparate that identical noncomplying uses could not be identified. In the present case, the parties have merely stipulated that defendant provided sixty photographs depicting commercial equipment located on private residential property. Only eleven of the sixty photographs "represented situations which violated the Brandon Township zoning ordinance Rural Estate (RE) provisions, but had not, previous to that date, been enforced by the Township." Defendant's stipulation is insufficient to apprise this Court of a denial of equal protection in enforce-

ment of identical noncomplying uses. The moving party must make and support his request for summary disposition. MCR 2.116(G)(4). Conclusions, devoid of detail, are insufficient to meet the evidentiary burden of MCR 2.116(C)(10). *Quinto v Cross & Peters Co*, 451 Mich 358, 371; 547 NW2d 314 (1996). Furthermore, a municipality cannot be estopped from enforcing a zoning ordinance on the basis of unauthorized action of employees in granting authority contrary to the terms of an ordinance. *Blackman Twp v Koller*, 357 Mich 186, 189; 98 NW2d 538 (1959).

I would affirm.