*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE CITY OF ST. CLAIR SHORES,

        Plaintiff-Appellee,

UNPUBLISHED
October 29, 2020

v

MICHAEL DORR,

        Defendant-Appellant.

No. 349910
Macomb Circuit Court
LC No. 2019-000135-AR

Before: SWARTZLE, P.J., and JANSEN and BORRELLO, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the circuit court order affirming his district court bench trial conviction for violating the City of St. Clair Shores Zoning Ordinance. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Defendant was charged with a misdemeanor violation of City of St. Clair Shores Zoning Ordinance 15.050,[2] (R-A One Family General Residential District), based on an alleged impermissible use of R-A single family residentially zoned property. A bench trial was conducted in the district court, during which defendant testified that he was operating a short-term rental "Airbnb" out of his home in the City of St. Clair Shores on approximately July 15, 2018. There was no additional testimony introduced at trial. The city argued that its zoning ordinance did not

---

[1] *People of St. Clair Shores v Dorr*, unpublished order of the Court of Appeals, entered November 6, 2019 (Docket No. 349910).

[2] Throughout this case, the parties and the lower courts have referred to the City of St. Clair Shores Zoning Ordinance 15.050 as the ordinance (singular) at issue. Because 15.050 only contains the title, "R-A One Family General Residential District," while the relevant operative provisions and definitions are found in other sections, we will cite specific sections of the St. Clair Shores Ordinances as needed and will refer to the entire zoning scheme at issue as the St. Clair Shores Zoning Ordinance or "the zoning ordinance."

permit the operation of an Airbnb in a residential neighborhood. The district court found defendant guilty of violating the ordinance. Defendant appealed to the circuit court, which affirmed his conviction.

## II. ANALYSIS

There is no factual dispute in this case that defendant was engaged in using his home for short-term rentals through Airbnb. The question presented is whether the zoning ordinance prohibited such use. Defendant argues that the zoning ordinance did not prohibit his conduct or, in the alternative, that the ordinance is unconstitutionally vague.

Defendant's arguments require this Court to interpret the zoning ordinance, which is a question of law that is reviewed de novo. *Brandon Charter Twp v Tippett*, 241 Mich App 417, 421; 616 NW2d 243 (2000). Ordinances are interpreted in the same manner as statutes. *Id*. at 422. If the language of the ordinance is clear and unambiguous, it is applied as written. *Id*.

This Court also reviews de novo void-for-vagueness challenges to the constitutionality of an ordinance. *People v Lawhorn*, 320 Mich App 194, 197 n 1; 907 NW2d 832 (2017). "To determine whether [an ordinance] is unconstitutionally vague, this Court examines the entire text of the [ordinance] and gives the words of the [ordinance] their ordinary meanings." *Id*. at 198 (quotation marks and citation omitted). "A court must also consider any judicial constructions of the [ordinance] when determining if it is unconstitutionally vague." *Id*.

St. Clair Shores Zoning Ordinance 15.051 provides:

The RA One-Family General Residential Districts are designed to be among the most restrictive of the residential districts. The intent is to provide for an environment of predominately low-density single unit dwellings along with other residentially related facilities which serve the residents in the district.

St. Clair Shores Zoning Ordinance 15.052 provides in relevant part as follows:

In the R-A One-Family General Residential District no building or land shall be used and no building shall be erected except for one or more of the following specified uses, unless otherwise provided in this Ordinance.

(1) One-Family detached dwellings.

\* \* \*

(6) Home occupations or businesses, subject to the standards of 15.516 Home Occupations or Businesses.

St. Clair Shores Zoning Ordinance 15.516 provides in relevant part as follows:

All home occupations or businesses shall be subject to the following requirements:

1. A home occupation or business must be clearly incidental to the principal use of the dwelling unit for dwelling purposes. All activities shall be carried on within the enclosed residential structure. There shall be no outside display of any kind, or other external or visible evidence of the conduct of the home occupation or business.

Because defendant was engaged in using his home to offer short-term *rental* accommodations, he was operating a business out of his home. Indeed, defendant affirmatively characterizes his activity of providing short-term rental accommodations to "paying guests" as a home business that defendant operates while continuing to live in the home as his sole personal residence, and he argues that it is therefore permitted under the zoning ordinance. Thus, defendant's activities fall within 15.052(6) for purposes of determining whether his short-term rental activity was prohibited by the zoning ordinance.

Because defendant's short-term rental business directly depends on using the dwelling unit as a dwelling for guests, defendant's business fails to satisfy the condition in 15.516(1) that the "home occupation or business must be clearly *incidental* to the principal use of the dwelling unit for dwelling purposes." (Emphasis added.) The purpose of the business is identical, not incidental, to the principal use of the dwelling unit for dwelling purposes. Defendant's short-term rental business does not comply with the requirements in 15.516 and therefore is a prohibited use under 15.052(6).

Next, defendant argues that the zoning ordinance is unconstitutionally vague because it does not provide fair notice of the conduct prohibited and gives the trier of fact unstructured and unlimited discretion in determining whether the ordinance has been violated.

"An ordinance is unconstitutionally vague if it (1) does not provide fair notice of the type of conduct prohibited or (2) encourages subjective and discriminatory application by delegating to those empowered to enforce the ordinance the unfettered discretion to determine whether the ordinance has been violated." *Plymouth Twp v Hancock*, 236 Mich App 197, 200; 600 NW2d 380 (1999). "To give fair notice, a statute must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited or required." *People v Noble*, 238 Mich App 647, 652; 608 NW2d 123 (1999) (citation omitted). Additionally, a "criminal statute must provide standards for enforcing and administering the laws in order to ensure that enforcement is not arbitrary or discriminatory; basic policy decisions should not be delegated to policemen, judges, and juries for resolution on an ad hoc and subjective basis." *Lawhorn*, 320 Mich App at 202-203 (quotation marks and citation omitted).

When, as is the case here, a void-for-vagueness challenge does not involve First Amendment rights, "[a] defendant has standing to raise a vagueness challenge only if the statute is vague as applied to his conduct" and we review the challenge "on the basis of the particular facts of the case at issue." *Id*. at 199-200 (quotation marks and citation omitted; alteration in original). Moreover, "even if a statute may be susceptible to impermissible interpretations, reversal is not required where the statute can be narrowly construed so as to render it sufficiently definite to avoid vagueness and where the defendant's conduct falls within that prescribed by the properly construed statute." *Id*. at 200 (quotation marks and citation omitted).

As explained above, the trial court correctly held that defendant's conduct clearly falls within the purview of the ordinance and is plainly prohibited by the language of the ordinance. St. Clair Shores Zoning Ordinance 15.556(1) requires that the home business be "incidental" to the use of the dwelling as a dwelling. We concur with the trial court that a person of ordinary intelligence would reasonably understand from this language that the business therefore cannot be coextensive with the primary use of the dwelling as a dwelling and that the ordinance therefore prohibits the type of short-term rental business that defendant was running from his home under these circumstances. Accordingly, the ordinance provides fair notice of the conduct prohibited and clear standards to prevent arbitrary or discriminatory enforcement. *Noble*, 238 Mich App at 652; *Lawhorn*, 320 Mich App at 202-203. We conclude that defendant has failed to demonstrate that the ordinance is unconstitutionally vague. "[T]he party challenging the constitutionality of a statute has the burden of proving the law's invalidity." *Lawhorn*, 320 Mich App at 199 (quotation marks and citation omitted).

Affirmed.


/s/ Stephen L. Borrello

-4-