*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LINDSEY DEZMAN and JON GEIGER,

        Plaintiffs-Appellants,

v

CHARTER TOWNSHIP OF BLOOMFIELD and
CHARTER TOWNSHIP OF BLOOMFIELD
BOARD OF ZONING APPEALS,

        Defendants-Appellees.

UNPUBLISHED
June 1, 2023

No. 360406
Oakland Circuit Court
LC No. 2021-190703-AV

Before: PATEL, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

Plaintiffs, Lindsey Dezman and Jon Geiger, appeal by leaved granted[1] the circuit court's order affirming the decision of defendants, Charter Township of Bloomfield and Charter Township of Bloomfield Zoning Board of Appeals (ZBA), denying plaintiffs' variance request to keep chickens and a chicken coop on their property. We reverse.

## I. BACKGROUND

Plaintiffs purchased their 1.83-acre property in an R-3 One-Family Residential Zone in defendant township. Plaintiffs intended to use the property and detached dwelling as the family's residence and to keep their pet chickens in a backyard chicken coop as an educational experience and as a way to produce eggs for their family. Bloomfield Township Zoning Ordinance § 42-3.1.3, lists the principal permitted uses for this type of land as one-family detached dwellings, farms, and accessory structures customarily incidental to any of the other principal permitted uses. A one-family detached dwelling is defined as: "[A] building designed exclusively for and occupied by one (1) family." Bloomfield Township Ordinance § 42-2.2.24. The zoning ordinance does not state what activities may be conducted at a one-family detached dwelling. The zoning

---

[1] *Dezman v Charter Twp of Bloomfield*, unpublished order of the Court of Appeals, entered July 18, 2022 (Docket No. 360406).

ordinance defines a farm to: "include a continuous, unplatted parcel of not less than forty (40) acres in extent; provided further, farms may be considered as including establishments operated as . . . chicken hatcheries. . . ." Bloomfield Township Ordinance § 42-2.2.31. Additionally, under Bloomfield Township Zoning Ordinance § 42-5.1, any accessory structure customarily incidental to any permitted use under § 42-3.1.3 must, among other conditions, be in a rear yard, may not occupy more than 25% of the rear yard, may not be within 16 feet of any side or rear lot line, may not exceed 14 feet in height, and the ZBA must find the structure meets the requirements of Bloomfield Township Zoning Ordinance § 42-7.6.6.

In June 2021, plaintiffs received a violation notice from defendants, claiming because chickens are considered farm animals, plaintiffs' land must meet the definition of a farm under the zoning ordinance. But because plaintiffs' 1.83-acre property is less than the required 40 acres of contiguous land, plaintiffs must apply for a variance from the ZBA under Bloomfield Township Zoning Ordinance § 42-7.6.5 to keep their chickens and obtain approval for the accompanying chicken coop as an accessory structure under Bloomfield Township Zoning Ordinance § 42-5.1. Plaintiffs appealed the violation to the ZBA, submitting a permission request, not a dimensional variance request, to keep their chickens and chicken coop on their property. Plaintiffs presented their appeal at a public meeting of the ZBA, claiming the chicken coop complied with Bloomfield Township Zoning Ordinance § 42-5.1. Based on the information presented, two ZBA members moved to approve plaintiffs' appeal, finding the chicken coop would not hinder or discourage the use of adjacent property and that a variance did not apply because plaintiffs were not conducting a farm activity. However, plaintiffs' appeal was tabled to allow the full ZBA to hear the appeal.

Plaintiffs again appeared before the ZBA claiming they should not be considered a chicken hatchery under Bloomfield Township Zoning Ordinance § 42-2.2, and should be permitted to keep their chickens at their one-family detached dwelling because the zoning ordinance was silent on whether backyard chickens were prohibited. Plaintiffs' next-door neighbor, Judith Gracey spoke at the meeting, opposing plaintiffs' request to keep chickens because of health concerns regarding asthma and allergies, concerns about pests, issues with odor, and having the coop be visible from her property. Roy Anania, a member of the improvement association for plaintiffs' neighborhood, spoke in support of allowing plaintiffs to keep their chickens. Anania personally observed the chickens and chicken coop, noting the chicken coop was shrouded by trees that would provide year-round coverage, and there was no odor or noise coming from the chickens. Further, Anania claimed the chickens did not impact surrounding property values. Based on the evidence presented, the ZBA denied plaintiffs' appeal claiming the chicken coop was inappropriate for the neighborhood and its location would hinder or discourage the ability of Gracey to live in harmony on her property.

Plaintiffs filed their claim of appeal with the circuit court under MCL 125.3605 (appealing a final decision by a zoning board of appeals), and MCL 125.3606 (circuit court duties for appeals from a zoning board of appeals final decision) requesting that the circuit court reverse the ZBA's decision and grant a land-use variance to conduct farm activities on a parcel less than 40 acres, and a dimensional variance for the chicken coop. Plaintiffs claimed because the plain, unambiguous language of the zoning ordinance did not contain express language permitting or prohibiting keeping chickens at a one-family detached dwelling, plaintiffs were not required to obtain a variance to keep chickens at their one-family detached dwelling. Plaintiffs also claimed even if a variance was required, plaintiffs were entitled to variances because the ZBA abused its

discretion in denying plaintiffs' variance requests since the ZBA regularly granted variances for chickens and did not consider issues regarding pests, odor, decreases in property value, or that the homeowners created the need for a variance. Plaintiffs additionally argued that the ZBA's decision was not based on substantial evidence, because plaintiffs' neighbor, Judith Gracey, did not offer evidence to support her speculative allegations that her family would suffer health issues as a result of the chickens.

Defendants responded, claiming the ZBA's decision denying plaintiffs' variance requests should be affirmed because it was supported by competent, material, and substantial evidence from Gracey, and plaintiffs presented no evidence regarding a unique characteristic justifying a variance under Bloomfield Township Zoning Ordinance § 42-7.6.5(C). Defendants also disputed plaintiffs' claim that the zoning ordinance does not require a variance to keep chickens at a one-family detached dwelling, asserting that although the keeping of chickens is not formally defined as a farm activity, the ZBA's long-standing application of the zoning ordinance recognized that keeping chickens is customarily considered a farm activity that must be conducted on at least 40 acres of land absent a variance. According to defendants, plaintiffs' attempt to construe the zoning ordinance's definition of a "farm" to exclude the keeping of chickens implies there is an ambiguity in the zoning ordinance based on the undefined term "farm activity." And because the ZBA's construction and application of an ambiguous zoning ordinance should be given great weight in determining the meaning of its terms, the circuit court should adopt the ZBA's interpretation.

In the hearing to address the parties' arguments, the circuit court affirmed the ZBA's decision. It reasoned that under the commerce clause, plaintiffs' self-consumption of eggs produced by their chickens qualified as a "farm activity" necessitating a variance. The circuit court also found that the ZBA did not abuse its discretion in denying plaintiffs' variance requests, finding the ZBA did not apply disparate treatment to plaintiffs, and Gracey's testimony amounted to substantial evidence. This appeal followed.

## II. STANDARDS OF REVIEW

> Ordinances are treated as statutes for the purposes of interpretation and review. Hence, the interpretation and application of a municipal ordinance presents a question of law, which this Court reviews de novo. The goal of statutory construction, and thus of construction and interpretation of an ordinance, is to discern and give effect to the intent of the legislative body. Terms used in an ordinance must be given their plain and ordinary meanings, and it is appropriate to consult a dictionary for definitions. [*Great Lakes Society v Georgetown Charter Twp*, 281 Mich App 396, 407-408; 761 NW2d 371 (2008) (citations omitted).]

"When the words used in a statute or an ordinance are clear and unambiguous, they express the intent of the legislative body and must be enforced as written." *Sau-Tuk Indus v Allegan County*, 316 Mich App 122, 137; 892 NW2d 33 (2016) (citation omitted). Further, "the judiciary cannot read restrictions or limitations into a statute that plainly contains none." *Hackel v Macomb Co Comm'n*, 298 Mich App 311, 319; 826 NW2d 753 (2012) (quotation marks and citation omitted). "However, if reasonable minds could differ regarding the meaning of the ordinance, the courts may construe the ordinance." *Brandon Twp v Tippett*, 241 Mich App 417, 422; 616 NW2d 243 (2000) (citations omitted). A reviewing court should give deference to a municipality's established

historical interpretation of its own ordinance if the ordinance is ambiguous and the municipality's interpretation is reasonable. *Macenas v Village of Michiana*, 433 Mich 380, 397-398; 446 NW2d 102 (1989). A municipality's historical interpretation of its own ordinance is not entitled to any weight if the language used in the ordinance is clear and unambiguous. *Kalinoff v Columbus Twp*, 214 Mich App 7, 10-11; 542 NW2d 276 (1995).

"[T]he decision of a zoning board of appeals should be affirmed unless it is contrary to law, based on improper procedure, not supported by competent, material, and substantial evidence on the record, or an abuse of discretion." *City of Detroit v City of Detroit Board of Zoning Appeals*, 326 Mich App 248, 255; 926 NW2d 311 (2018) (citations omitted). "In general, we review de novo a circuit court's decision in an appeal from a ZBA decision . . . ." *Hughes v Almena Twp*, 284 Mich App 50, 60; 771 NW2d 453 (2009) (citation omitted). The factual findings of the ZBA should be given deference. *Id*. "This Court reviews the circuit court's determination regarding ZBA findings to determine whether the lower court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the ZBA's factual findings." *Id*. (quotation marks and citation omitted). "[T]he substantial evidence test is the same as the familiar 'clearly erroneous' standard. A finding is clearly erroneous if the reviewing court, on the whole record, is left with the definite and firm conviction that a mistake has been made." *Id*. (citations omitted). "The substantial evidence test also encompasses a quantitative component." *Id*. at 61. "Substantial evidence is evidence that a reasonable person would accept as sufficient to support a conclusion. While this requires more than a scintilla of evidence, it may be substantially less than a preponderance." *Id*. (quotation marks and citation omitted).

## III. ORDINANCE INTERPRETATION

Plaintiffs argue, because the plain and unambiguous language of Bloomfield Township Zoning Ordinance § 42-3.1.3 omits any language prohibiting them from keeping chickens at their one-family detached dwelling, they are not required to seek a variance. We agree.

Under Bloomfield Township Zoning Ordinance § 42-3.1.3, permitted uses of R-3 residential land includes one-family detached dwellings and farms. A one-family detached dwelling is defined as: "[A] building designed exclusively for and occupied by one (1) family." Bloomfield Township Ordinance § 42-2.2.24. Although the ordinance does not state what activities may or may not be conducted at a one-family detached dwelling, it defines a "farm" as:

> [A]ll of the unplatted contiguous or neighboring land which is directly farmed by one (1) farmer, by his own labor or with the assistance of members of his household, or hired employees. Provided, however, land to be considered a farm hereunder shall include a continuous, unplatted parcel of not less than forty (40) acres in extent; provided further, farms may be considered as including establishments operated as greenhouses, nurseries, orchards, chicken hatcheries, apiaries; but establishments keeping or operating fur bearing animals, game, fish hatcheries, stock yards, recreational parks, stone quarries, or gravel or sand pits shall not be considered farms hereunder unless combined with bona fide farm operations on the same continuous tract of land. [Bloomfield Township Zoning Ordinance § 42-2.2.31.]

Except for the phrase "chicken hatchery," defendant has no other ordinance, either zoning or general, that regulates keeping chickens. Thus, unless plaintiffs are operating a chicken hatchery, in which case they would need to meet the 40-acre land requirement of a farm or obtain a variance, the plain and unambiguous language of the ordinance does not prohibit them from keeping chickens at their one-family detached dwelling, and this Court cannot add any restrictions or limitations into the zoning ordinance where none exist. See *Hackel*, 298 Mich App at 319.

The ordinance fails to define the term "hatchery." "We give undefined terms their ordinary meanings. Further, we may consult a dictionary to construe the meaning of an undefined term." *Mericka v Dep't of Community Health*, 283 Mich App 29, 40; 770 NW2d 24 (2009) (citation omitted). A "hatchery" is "a place for hatching eggs (as of poultry or fish)." *Merriam-Webster's Collegiate Dictionary*, 11th ed. "Hatch" or "hatching" is defined as: "to produce young by incubation" and "to emerge from an egg, chrysalis, or pupa." *Merriam-Webster's Collegiate Dictionary*, 11th ed. A "chicken hatchery" can be reasonably defined as a place that is used for hatching and producing chickens. Plaintiffs stated they do not sell their chickens' eggs or breed the chickens, rather, they keep chickens as pets, as an educational experience for their family, and to eat the eggs their chickens produce. Based on this evidence, it is reasonable to conclude plaintiffs do not meet the definition of a chicken hatchery under Bloomfield Township Zoning Ordinance § 42-2.2.31, and therefore are not using their land as a farm. Rather, plaintiffs are using their land as a one-family detached dwelling, which is expressly permitted by the plain language of the ordinance. Because the ordinance does not state what activities may be conducted at a one-family detached dwelling, the issue becomes whether plaintiffs are permitted to keep chickens at their one-family detached dwelling.

Defendants, citing *Pittsfield Twp v Malcolm*, 375 Mich 135; 134 NW2d 166 (1965), claim if an ordinance specifically sets forth permissible uses under a zoning classification, the absence of a use is regarded as excluding that use. As such, plaintiffs cannot keep chickens at their one-family detached dwelling because the ordinance does not expressly permit it. In *Pittsfield Twp*, the relevant ordinance stated: " '*No building or structure* or part thereof shall be erected, altered, used, or land or premises used in whole or part for *other than one or more of the following specified uses*. . . .' " *Id*. at 140. Based on the ordinance's language, our Supreme Court held: "Under the ordinance which specifically sets forth permissible uses under each zoning classification, therefore, absence of the specifically stated use must be regarded as excluding that use." *Id*. at 142-143. Thus, if an ordinance contains language expressly limiting use of the land only to the uses listed in the ordinance, a landowner may not use the land for unlisted purposes.

Bloomfield Township Zoning Ordinance § 42-1.4 states: "No building or structure, or part thereof, shall hereafter be erected, constructed or altered and maintained, and *no new use or change shall be made or maintained of any building, structure or land*, or part thereof *except in conformity with the provisions of this Chapter*." Bloomfield Township Zoning Ordinance § 42-1.4 (emphasis added). Thus, any use of plaintiffs' land must conform with the zoning ordinance's provisions. This language is less restrictive than that in *Pittsfield Twp*, which expressly stated that *only* the specified uses of land were allowed. But plaintiffs are lawfully using their land as a one-family detached dwelling in conformity with Bloomfield Township Zoning Ordinance § 42-3.1.3. Defendants suggest that, because the ordinance does not expressly state residents may keep chickens at a one-family detached dwelling, such use is necessarily excluded. Under defendants' logic, however, *every* activity at a one-family detached dwelling must then be excluded because

-5-

the ordinance does not list *any* activities that may be conducted at a one-family detached dwelling. Because "[c]ourts attempt not to interpret statutes, and by implication ordinances, in a manner that leads to absurd results," *Brandon*, 241 Mich App at 424 (citation omitted), such interpretation of the ordinance cannot be upheld.

Further, defendants claim that the ZBA's interpretation that keeping chickens is a "farm activity," which must be conducted on at least 40 acres of land absent a variance, should be given deference. But custom is only given deference if the ordinance is ambiguous and the municipality's interpretation is reasonable. *Macenas*, 433 Mich at 397-398. Defendants claim there is an "implied ambiguity" based on plaintiffs' attempt to construe the zoning ordinance's definition of a farm to exclude the keeping of chickens as a customarily classified farm activity. But plaintiffs are not attempting to exclude the keeping of chickens as a farm activity, rather, plaintiffs recognize that the ordinance is silent on whether chickens must be exclusively kept on a farm instead of a one-family detached dwelling. We find no support for defendants' claim that the zoning ordinance is ambiguous, and the ZBA's interpretation need not be given deference. Because the unambiguous, plain language of the zoning ordinance contains no express provision prohibiting plaintiffs from keeping chickens at their one-family detached dwelling or limiting the keeping of chickens to a farm, plaintiffs are not required to obtain a variance, and the circuit court erred in affirming the ZBA's decision.

## IV. CONCLUSION

We reverse and remand the ZBA and circuit court's orders that plaintiffs were required to have a variance to keep chickens at their one-family detached dwelling and remand for further proceedings consistent with this opinion. Because of our conclusion, we need not address the question of whether or not the circuit court erred in finding the ZBA did not abuse its discretion by denying plaintiffs' permission request for a chicken coop. We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Mark J. Cavanagh
/s/ James Robert Redford