*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SAMANTHA J. BEVINS,

       Plaintiff-Appellant,

v

DETROIT BUILDING SAFETY ENGINEERING
AND ENVIRONMENTAL DEPARTMENT—
SPECIAL LAND USE DIVISION and DETROIT
ZONING MANAGER,

       Defendants-Appellees.

UNPUBLISHED
September 10, 2020

No. 348437
Wayne Circuit Court
LC No. 19-002810-AW

Before: LETICA, P.J., and FORT HOOD and GLEICHER, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order denying plaintiff's request for a writ of mandamus. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case arise out of plaintiff's application to open a medical marihuana caregiver center (MMCC) in Detroit, Michigan. In conformity with the city of Detroit's ordinances in effect at the time, plaintiff submitted the appropriate zoning application and fee in October 2017. Less than a month after plaintiff submitted her application, the city of Detroit placed a moratorium on the review or approval of zoning applications connected with the opening of MMCCs. Plaintiff was informed by defendant, the city of Detroit's Building, Safety Engineering, and Environmental Department (the Department), that her application would be held in abeyance during the moratorium, and that the Department would contact all applicants with further directions once the moratorium ended.

The city of Detroit ended the moratorium on October 14, 2018—the effective date of several new zoning ordinances affecting marihuana facilities. Under the new framework, the Department could no longer accept new zoning applications for MMCCs. However, any applications for MMCCs received on or before the effective date of the new ordinances could be considered as applications for the opening of a medical marihuana provisioning center facility

-1-

(MMPCF), so long as the applicant submitted an amended application. After the enactment of these ordinances, Jayda Sanford-Philson, a zoning manager with the Department, sent an e-mail to plaintiff stating the Department had not received the documentation required for plaintiff's application to be submitted to the appropriate review committee. A month later, plaintiff received several text messages from Sherita Elliott, a building inspector and plan reviewer with the Department, stating the plaintiff still had not supplied the required documentation. On January 17, 2019, the Department sent plaintiff a letter stating it had dismissed plaintiff's application because plaintiff had failed to provide the mandatory documentation.

Plaintiff filed suit in the trial court and immediately sought a writ of mandamus requiring the Department to review and approve her application. Defendants responded, asserting that plaintiff did not have a clear legal right to have her application submitted to the review committee and that defendants had a clear legal duty under the 2018 ordinances to dismiss plaintiff's application because it did not contain the required documentation. After hearing oral arguments from the parties, the trial court agreed with defendants and entered a written order denying plaintiff's request for mandamus relief. Plaintiff submitted a motion for reconsideration, in which she argued for the first time that her application was governed by the ordinances in effect at the time of her original application—ordinances with which the Department failed to comply—and that the 2018 ordinances did not retroactively apply to her application. The trial court found that plaintiff had not demonstrated a palpable error requiring reversal, and entered an order denying plaintiff's motion. This appeal followed.

## II. ISSUE PRESERVATION AND STANDARDS OF REVIEW

Generally, an appellate court reviews "for an abuse of discretion a court's decision to issue or deny a writ of mandamus." *Stand Up for Democracy v Secretary of State*, 492 Mich 588, 598; 822 NW2d 159 (2012) (footnote omitted). Similarly, a trial court's decision concerning a preliminary injunction is reviewed for an abuse of discretion. *Dep't of Environmental Quality v Gomez*, 318 Mich App 1, 33; 896 NW2d 39 (2016). A trial court abuses its discretion when its decision falls "outside the range of reasonable and principled outcomes . . . ." *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586, 604; 886 NW2d 135 (2016). "[T]his Court reviews de novo as questions of law whether a defendant has a clear legal duty to perform and whether a plaintiff has a clear legal right to performance." *Barrow v City of Detroit Election Comm*, 301 Mich App 404, 411; 836 NW2d 498 (2013). "The trial court's findings of fact underlying the writ of mandamus will not be set aside unless clearly erroneous." *Delly v Bureau of State Lottery*, 183 Mich App 258, 261; 454 NW2d 141 (1990) (citation omitted). "[F]actual findings are clearly erroneous where there is no evidentiary support for them or where there is supporting evidence but the reviewing court is nevertheless left with a definite and firm conviction that the trial court made a mistake." *Hill v City of Warren*, 276 Mich App 299, 308; 740 NW2d 706 (2007) (citation omitted). This case also implicates the interpretation of city ordinances. This Court "interpret[s] ordinances in the same manner that we interpret statutes. If the language is clear and unambiguous, the courts may only apply the language as written." *Brandon Charter Twp v Tippett*, 241 Mich App 417, 422; 616 NW2d 243 (2000).

Plaintiff asserts that the trial court erred in determining that plaintiff did not have a clear legal right, and defendants did not have a clear legal duty, concerning the submission of plaintiff's application for assessment by the review committee. In support of the assertion, plaintiff makes

the same argument as she did in her motion for reconsideration—that the trial court relied on an inapplicable ordinance when determining the scope of the applicable rights or duties in this case. When "an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009) (citation omitted). However, because the scope of legal rights and duties is a question of law and the relevant facts are available in the record, we elect to review plaintiff's claim. See *id*. ("This Court may review an unpreserved issue if it is an issue of law for which all the relevant facts are available.")

This Court reviews unpreserved issues for plain error. *Hogg v Four Lakes Assoc, Inc*, 307 Mich App 402, 406; 861 NW2d 341 (2014). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e. clear or obvious, 3) and the plain error affected substantial rights." *Kern v Blethen-Coluni*, 240 Mich App 333, 335-336; 612 NW2d 838 (2000) (quotation marks and citation omitted). "An error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 443; 906 NW2d 482 (2017) (quotation marks and citation omitted).

## III. ANALYSIS

To demonstrate entitlement to a writ of mandamus "[t]he plaintiff must show that (1) the plaintiff has a clear legal right to the performance of the duty sought to be compelled, (2) the defendant has a clear legal duty to perform such act, (3) the act is ministerial in nature such that it involves no discretion or judgment, and (4) the plaintiff has no other adequate legal or equitable remedy." *Barrow*, 301 Mich App at 412 (citation omitted). As the party requesting relief, plaintiff bore the burden of demonstrating entitlement to the requested relief. *Id*. at 411-412.

At the time of plaintiff's original application, the city of Detroit's ordinances required an applicant to submit

> such documentation as requested by the Buildings, Safety Engineering and Environmental Department in order for the department to determine consistency or non-consistency with the locational specifications of subsection (b) of this section. Determination of whether the permit application is complete shall be made in accordance with Sec. 61-3-5 of this Code. [Detroit Ordinances, § 61-3-354(c) (March 1, 2016).]

Detroit Ordinances, § 61-3-5(a), as it was codified at the time, stated:

> An application will be considered complete where it is submitted in the required form, contains all mandatory information, including all exhibits that are specified by the official responsible for accepting the application, and is accompanied by the applicable fee. A determination of application completeness shall be made by the official who is responsible for accepting the application within ten (10) days of the date that the application is filed. Where an application is determined to be incomplete, the official responsible for accepting the application shall provide written notice to the applicant along with an explanation of the application's

-3-

deficiencies. No further processing of the application shall occur until the deficiencies are corrected. Where the deficiencies are not corrected by the applicant within thirty (30) days, the application shall be considered withdrawn and returned to the applicant. [Detroit Ordinances, § 61-3-5(a) (August 11, 2016).]

Under the terms of these ordinances, if an application was incomplete, defendants had an affirmative responsibility to provide plaintiff with written notice explaining the manner in which the application was incomplete, and to provide plaintiff with an opportunity to remedy the application.

It is undisputed that plaintiff's application was held in abeyance before it could be considered as a result of the city of Detroit's moratorium on MMCC applications. The moratorium was lifted because of several new zoning ordinances concerning marihuana facilities coming into effect. Under the new ordinances, the city of Detroit would no longer accept applications for MMCCs. Detroit Ordinances, § 61-3-354 (October 14, 2018). However, any application for an MMCC received by the Department "on or before" the effective date of the new ordinances, could be converted to an application for the opening of a medical marihuana provisioning center facility (MMPCF) through the submission of an amended application. Detroit Ordinances, § 61-3-354(a) (October 14, 2018). Plaintiff was informed of this fact. If an applicant failed to submit the amended application, the ordinance required the Department to dismiss the application. Any MMCCs that had already been legally established at the time of the ordinances' effective date could continue operation as a nonconforming use. Detroit Ordinances, § 61-3-354(b) (October 14, 2018).

Under the plain language of the ordinances, we determine that the 2018 ordinances superseded those in effect at the time plaintiff made her original application. The record demonstrates that plaintiff's application was received before the effective date of the 2018 ordinances and had been held in abeyance. As a result, it was subject to the provisions of Detroit Ordinances, § 61-3-354(a), which provided that any pending application concerning the opening of an MMCC could be converted into and considered as an application for an MMPCF, if the applicant submitted an amended application. If the applicant failed to submit the amended application, under the terms of the ordinance, the Department was required to dismiss the MMCC application.

The ordinance clearly set out a procedure to address MMCC-related applications that were pending when the new ordinance took effect. As a result, and contrary to plaintiff's assertions, we do not believe that the trial court clearly erred in determining the 2018 ordinances applied to plaintiff's application. Moreover, because the ordinances governed the legal rights and duties applicable to this case, we assess plaintiff's request for mandamus against the 2018 ordinances.

"In relation to a request for mandamus, a clear, legal right is one clearly founded in, or granted by, law . . . ." *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 518-519; 866 NW2d 817 (2014). Under the terms of Detroit Ordinances, § 61-3-354(a), plaintiff had the right to convert her MMCC application into an application to open a MMPCF, if she submitted an amended application within 45 days of the ordinance's effective date. If she complied with the ordinance's terms then she would have a right for her application to be considered by the review committee. The trial court correctly determined, on the basis of the

-4-

evidence placed on the record, that plaintiff did not comply with the terms of the ordinance and failed to provide a completed application.

Further, the trial court found that because plaintiff failed to file a complete application, she did not have a clear legal right to have that application assessed by the review committee. While the paucity of the trial court's record makes assessment of this determination challenging, there is nothing in the record to demonstrate the trial court clearly erred in making this finding. Plaintiff bears the burden of demonstrating she is entitled to mandamus relief. However, the evidence presented in the trial court demonstrates that plaintiff was informed that her application was incomplete and needed to be remedied. Plaintiff relies on her allegations that she submitted all required documentation in her original application, but provides no proof of this assertion. Nor does she assert that she filed a completed amended application that gave rise to a her claimed right of review. Considering these factors, we determine the trial court's finding that plaintiff did not submit an amended application was not clearly erroneous. As a result, the trial court did not err in determining that, because plaintiff failed to submit a complete application under the 2018 ordinances, she did not have a clear legal right to assessment of her application by the review board.

Similarly, defendants did not have a clear legal duty to submit plaintiff's incomplete application to the review board. Under Detroit Ordinances, § 61-3-354(a), defendants were required to dismiss any pending application to open an MMCC, if the applicant did not file an amended application within 45 days of the ordinance's effective date. And, the trial court determined defendants were obligated under the ordinance to dismiss plaintiff's application because plaintiff failed to provide an amended application within the 45 days provided for within the ordinance. Just as with plaintiff's legal right, there is nothing on the record to suggest the trial court's finding that plaintiff failed to provide an amended application was clearly erroneous. Moreover, the ordinance did not leave dismissal of plaintiff's application to defendants' discretion. Rather, the duty to dismiss plaintiff's application was "prescribed and defined by law with such precision and certainty as to leave nothing to the exercise of discretion or judgment," *Carter v Ann Arbor City Attorney* 271 Mich App 425, 439; 722 NW2d 243 (2006) (quotation marks and citation omitted), making defendants' duty a ministerial function. Under the terms of the ordinance, defendants were obligated to dismiss plaintiff's appeal unless plaintiff filed an amended application, and nothing on the record suggests plaintiff filed an amended application, triggering defendants' duty to dismiss plaintiff's application rather than a duty to allow the application to go forward. Thus, while defendants had a clear legal duty, under the facts of this case and the applicable ordinances, the duty was to dismiss plaintiff's incomplete application.

Plaintiff makes several arguments regarding other duties and rights owed her under the earlier ordinances. However, as discussed above, those ordinances were clearly supplanted by the procedure established by the 2018 ordinances. As a result, the rights of plaintiff or the duties of defendants under those ordinances do not create a right or a duty "clearly founded in, or granted by, law," *Rental Props Owners Ass'n of Kent Co*, 308 Mich App at 518-519, and have no bearing on our analysis. The trial court did not make an error concerning the applicable law defining the scope of the legal rights and duties at issue in this case; nor were its factual findings that plaintiff failed to meet the factual predicates required to trigger those legal rights and duties clearly erroneous. As a result, the trial court did not abuse its discretion by determining plaintiff failed in her duty to establish a entitlement to mandamus relief.

The trial court also determined that plaintiff was not entitled to relief in the form of a preliminary injunction when it denied plaintiff's request for a writ of mandamus. Injunctive relief is an equitable remedy rather than an independent cause of action. *Terlecki v Stewart*, 278 Mich App 644, 663; 754 NW2d 899 (2008). As a result, for plaintiff to support her request for a preliminary injunction she needed to also demonstrate wrongful conduct by defendants that would be remedied by a grant of equitable relief. However, considering our conclusion that plaintiff had no clear legal right to assessment of her application by the review committee and defendant had no clear legal obligation to submit plaintiff's application for assessment, plaintiff could not demonstrate wrongful action occurred that merited injunctive relief. Put another way, because plaintiff's legal claims fail, she lacked a basis for asserting her entitlement to a preliminary injunction. As a result, the trial court did not abuse its discretion in denying plaintiff's request for a preliminary injunction.

Affirmed.

/s/ Anica Letica
/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher